## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| HEIDI LANGAN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>JOHNSON & JOHNSON CONSUMER COMPANIES, INC.,<br><br>Defendant. | Civil Action No. 3:13-CV-01470-JBA<br><br>**FORM 26(F) REPORT OF PARTIES' PLANNING MEETING** |

*Heidi Langan v. Johnson & Johnson Consumer Companies, Inc.*

**Plaintiff:** Heidi Langan

**Defendant**: Johnson & Johnson Consumer Companies, Inc.

**Date Complaint Filed**:  October 7, 2013

**Date Complaint Served**: October 8, 2013

**Date of Defendant's Appearance**: November 26, 2013

Counsel for the Parties met and conferred on December 4, 2013 pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16.

The participants were:

Mark P. Kindall and Nicole A. Veno for Plaintiff Heidi Langan.

Eileen M. Patt and Harold P. Weinberger for Defendant Johnson & Johnson Consumer Companies, Inc.

## I.       Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

## II.      Jurisdiction

### A.  Subject matter Jurisdiction

Plaintiff asserts that subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332 as amended in 2005 by the Class Action Fairness Act because (1) the amount in controversy exceeds five million dollars, exclusive of interest and costs; and (2) a substantial number of the members of the proposed classes are citizens of a state different from that of Defendant. Defendant is a citizen of New Jersey.  Plaintiff is a citizen of Connecticut and resides in this

District.  Defendant does not contest subject matter jurisdiction, except Defendant will argue in its motion to dismiss that Plaintiff's claims are preempted by the Federal Food Drug & Cosmetic Act, or are within the primary jurisdiction of the Food & Drug Administration.  *See* § III(B).

**B.  Personal Jurisdiction**

Defendant does not contest personal jurisdiction.

### III.     Brief Description of Case

**A.  Claims of Plaintiff:**

Plaintiff alleges that the representation "100% naturally sourced sunscreen ingredients" on Defendant's Aveeno® Baby Brand Natural Protection Lotion Sunscreen with Broad Spectrum SPF 30 and SPF 50; Aveeno® Brand Natural Protection Lotion Sunscreen with Broad Spectrum SPF 30 and SPF 50; and Aveeno® Baby Brand Natural Protection Face Stick with Broad Spectrum SPF 50 and SPF 50+ (the "Products") is false and misleading to a reasonable consumer because the phrase conveys that Products contain only natural ingredients, when the Products actually contain unnatural synthetic ingredients.  Moreover, Plaintiff alleges that she and members of the Class were damaged because they paid a premium for the Products over comparable products that are not labeled "Natural."

**B.  Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant/s:**

Defendant asserts that Plaintiff's claims are dismissible at their threshold because they are either preempted by the Federal Food Drug & Cosmetic Act, or within the primary jurisdiction of the Food & Drug Administration.  Defendant also asserts that as a matter of law, it has not engaged in deceptive conduct or unfair acts or practices because, *inter alia,* no reasonable consumer would be misled by the phrase "100% naturally sourced sunscreen ingredients" to

believe that all of the ingredients in the products, as opposed to just the sunscreen ingredients, are natural, particularly where the listed ingredients are obviously synthetic.  Defendant asserts that to the extent any causes of action remain, Plaintiff may not pursue any claim relating to the product that she purports to include in this action but that she did not purchase, because she has no standing under Article III of the U.S. Constitution to bring any such claim.  Furthermore, Defendant contends that Plaintiff will be unable to certify any of the putative classes and will be unable to prove any element of her claim.

**IV.     Statement of Undisputed Facts**:

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The parties state that the following material facts are undisputed:

a. Defendant is headquartered in Skillman, New Jersey.

b. Defendant sells the Products.

c. The amount in controversy exceeds five million dollars, exclusive of interest and costs.

d. The Products are sold in every State and the District of Columbia.

e. There are more than 100 customers of each product in every State and the District of Columbia.

**V.     Case Management Plan:**

**A.   Standing Order on Scheduling in Civil Cases**

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows: The parties propose that the deadline for the filing of Plaintiff's Motion for Class Certification and any motions for summary judgment shall be 30 days following the close of expert discovery.

The parties believe there is good cause for the foregoing modification for the following reasons. Because of the overlap of issues going to the merits of the dispute and issues involving certification of the class, (s*ee, e.g. Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011)), an expedited class certification motion would effectively preclude the Parties from completing discovery necessary for a full exposition of the issues involved in certifying a class under Rule 23.

**B.   Scheduling Conference with the Court**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).  However, they will be guided by the Court's preferences.

**C. Early Settlement Conference**

1.  The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement is unlikely at this time.  The parties do not request an early settlement conference.

2. The parties prefer a settlement conference with a magistrate judge.

3. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D. Joinder of Parties and Amendment of Pleadings**

1. Plaintiff(s) should be allowed until two (2) months prior to the end of discovery to file motions to join additional parties and until 60 days after any court decision on a motion to dismiss to file motions to amend the pleadings.

2. Defendant does not intend to join additional parties.  On December 6, 2013, Defendant filed a motion seeking a pre-filing conference prior to filing its motion to dismiss, which stayed its deadline to file a response to Plaintiff's First Amended Complaint pursuant to this Court's Order on Pretrial Deadlines.  [Dkt. No. 2]. Defendant's pre-filing conference is scheduled to take place telephonically at 1:30 PM on January 22, 2014.

**E. Discovery**

    a. The parties anticipate that discovery will be needed on the following subjects:

    Plaintiff will seek discovery concerning the number of Products sold; Defendant's process for its labeling decisions for the Products; information concerning sales of these Products to the Class (and to retail stores and distributors); pricing for the Products at the wholesale and retail levels; marketing and market research conducted by Defendant, or on Defendant's behalf, concerning the Products; whether reasonable consumers would view the representations as material and misleading; and information relating to damages.

    Defendant will seek discovery concerning Plaintiff's alleged purchases and Plaintiff's claims.

    b. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by December 11, 2013 and completed within one year.

    c. Discovery will be conducted in phases, as follows:

    d. All fact discovery will be completed within 9 months of the court's Rule 16 scheduling order. All expert discovery shall be completed within 3 months thereafter.

    e. The parties anticipate that Plaintiff will require a total of no more than ten (10) depositions of fact witnesses and that Defendant will require a total of one (1) deposition of fact witnesses (one deposition per named Plaintiff). The depositions will commence within 6 months from the date of the Rule 16 conference and be completed within 9 months from the date of the Rule 16 conference.

    f. At this time, the parties do not believe they will need to serve more than 25 interrogatories, but reserve the right to request to do so at a later point in the litigation.

    g. Plaintiff intends to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by 6 months after this court issues a Rule 16 scheduling order. Two months thereafter, Plaintiff shall designate any rebuttal experts. Depositions of any such experts will be completed within one month of Plaintiff's designation of any such experts.

h.  One month after Plaintiff designates its trial experts, Defendant shall designate its trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2). Depositions of any such experts will be completed within one month of Defendant's designation of any such experts.

i.  A damages analysis will be provided by any party who has a claim or counterclaim for damages by 6 months after this court issues a Rule 16 scheduling order.

j.  Defendant will require the entry of a protective order to govern the production of confidential documents and other materials.

k.  Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties had an initial conversation concerning management of electronically stored information and Defendant indicated that it has put a litigation hold in place to preserve relevant electronically stored information. The parties intend to further refine the details of disclosure and preservation of electronically stored information.

l.  Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection ("Privileged Material"), including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

   a.  The inadvertent disclosure of Privileged Material which is subject to a legitimate claim that the document should have been withheld from disclosure as Privileged Material shall not waive any privilege with respect to such disclosures or the subject matters contained therein, either in this Action or any other federal or state proceeding, pursuant to Federal Rule of Evidence 502(d).

   b.  If any such information or document is inadvertently produced, then the Receiving Party agrees that, upon request of Producing Party, it will promptly return all copies of the information or documents in their possession, delete any versions of the information or documents on any database that they maintain and make no use of such information or documents, provided, however, the Receiving Party thereafter shall have the right to apply to the

    Court for an order that such document is not protected from disclosure by any privilege or immunity from production.

  c. If the Receiving Party identifies any Privileged Material in the production, the Receiving Party shall immediately return or destroy the document. If the Receiving Party identifies any potentially Privileged Material or information in the production, it shall promptly notify Producing Party of the disclosure.

**F. Dispositive Motions**:

Defendant intends to file a Motion to Dismiss Plaintiff's First Amended Complaint. The parties propose that the deadline for the filing of summary judgment motions shall be 30 days following the close of expert discovery.

**G. Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by sixty (60) days after final expert disclosures if no motion for summary judgment is filed or 30 days after the denial of any motion for summary judgment.

**VI. TRIAL READINESS**

The case will be ready for trial thirty (30) days after the parties file their Joint Trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff

**IZARD NOBEL LLP**

By: /s/ Mark P. Kindall  Date: December 18, 2013
  Mark P. Kindall

8

Defendant

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

By: /s/ Harold P. Weinberger     Date: December 18, 2013
    Harold P. Weinberger