# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| HEIDI LANGAN, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>JOHNSON & JOHNSON CONSUMER COMPANIES, INC.,<br><br>        Defendant. | Civil Action No.3:13-cv-01470-JBA<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, by her attorneys, on behalf of herself and all others similarly situated, makes the following allegations pursuant to the investigation of her counsel and based on information and belief, except as to allegations pertaining to personal knowledge as to herself. Plaintiff believes that substantial additional evidentiary support exists for the allegations set forth herein and will be available after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a class action against Johnson & Johnson Consumer Companies, Inc. ("Defendant" or "Johnson & Johnson") concerning its Aveeno® Brand Natural Protection Sunscreen Products (the "Products"): Aveeno® Baby Brand Natural Protection Lotion Sunscreen with Broad Spectrum SPF 30 and SPF 50; and Aveeno® Brand Natural Protection Lotion Sunscreen with Broad Spectrum SPF 30 and SPF 50 (together, the "Lotion Sunscreen Products"); and Aveeno® Baby Brand Natural Protection Face Stick with Broad Spectrum SPF 50 and SPF 50+ (the "Bar Sunscreen Products").

2. This action seeks to remedy the unfair and deceptive business practices arising from the marketing and sale of the Products as "Natural."[1] The Products' Principal Display Panels ("PDPs") state that the Products contain "100% naturally-sourced sunscreen ingredients" that provide "natural protection." These statements are false and misleading to a reasonable consumer because, as set forth more fully herein, the Products contain synthetic ingredients.

3. Plaintiff and the Class defined below paid a premium for the Products over comparable sunscreen products that did not purport to be natural. In direct contradiction to Defendant's representations, instead of receiving a natural product, they received Products that contained unnatural, synthetic ingredients.

---

[1] The Merriam-Webster Dictionary defines "natural" as "existing in or produced by nature: not artificial." *See* www.merriam-webster.com/dictionary. The FDA has not defined the term "natural" in the context of cosmetics. To the contrary, on March 7, 2013, the FDA affirmed that "proceedings to define the term 'natural' do not fit within [its] current health and safety priorities." *See* the letter dated March 7, 2013 from the FDA to Plaintiff-Appellant's counsel in *Astiana v. The Hain Celestial Group, Inc.,* Appellate No. 12-cv-17596 (9th Cir.), filed in support of Appellant's Motion for Judicial Notice [ECF No. 8-3] and publicly available on the Ninth Circuit's PACER website.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over the claims asserted herein individually and on behalf of the Class pursuant to 28 U.S.C. §1332, as amended in 2005 by the Class Action Fairness Act. Subject matter jurisdiction is proper because: (1) the amount in controversy in this class action exceeds five million dollars, exclusive of interest and costs; and (2) a substantial number of the members of the proposed class are citizens of a state different from that of Defendant.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

6. Plaintiff Heidi Langan is a resident of Trumbull, Connecticut and an individual consumer. Plaintiff purchased two containers of Aveeno® Baby Brand Natural Protection Sunscreen Lotion with Broad Spectrum SPF 30 at Stop and Shop at 40 Quality Street, Trumbull, Connecticut 06611 and/or Toys "R" Us at 330 Old Gate Lane, Milford, Connecticut 06460 in 2012 for her five-year old son. Langan reviewed the product label set forth in Paragraph 10 before her purchase, relied on the phrases "natural protection" and "100% naturally-sourced sunscreen ingredients" and paid a premium for the Products over sunscreen products that do not purport to be natural.

7. Defendant Johnson & Johnson Consumer Companies, Inc. is a corporation organized and existing under the laws of the State of New Jersey, with its headquarters and principal place of business at Grandview Road, Skillman, New Jersey, 08558.

## SUBSTANTIVE ALLEGATIONS

8. Consumers have become increasingly concerned about the effects of synthetic and chemical ingredients in food, cleaning, bath and beauty and everyday household products.

Companies such as Johnson & Johnson have capitalized on consumer appetite for "natural products." Indeed, consumers are willing to pay, and have paid, a premium for products branded "natural" over ordinary products that contain synthetic ingredients. In 2010, for example, nationwide sales of natural products totaled $117 billion.[2]

9. Aveeno is a brand of body care, facial care, hair care, baby care and sun care products manufactured and marketed by Johnson & Johnson and sold in drugstores, grocery stores and discount stores nationwide. Johnson & Johnson manufactures and distributes approximately nine Aveeno® Brand sunscreen products, three of which comprise the Aveeno Natural Protection Collection Sunscreen Products. The Aveeno website states,

> The AVEENO® brand offers a wide range of sun care products with superior broad spectrum UVA/UVB protection and exclusive ACTIVE NATURALS® ingredients for naturally healthy and beautiful-looking skin.[3]

The Aveeno® Natural Protection Collection website page further touts,

> This extra-gentle sunscreen, specifically designed for sensitive skin, combine [sic] skin-soothing ACTIVE NATURALS® Oat and MINERALGUARD™ Technology. This technology features 100% naturally-sourced sunscreen ingredients, providing a more natural alternative, to ensure sensitive skin is protected and not irritated.

10. Defendant falsely represents that the Products contain 100% naturally-sourced ingredients that provide natural protection. Upon information and belief, in December 2012 or January 2013, Aveeno changed the formulation of the Lotion Sunscreen Products to SPF 50 from SPF 30 and changed the look of the packaging of all the Products. The Products' ingredients remain the same. Moreover, the same misleading language remains prominently placed on the PDP of each Product:

---

[2] http://www.npainfo.org/NPA/About_NPA/NPA/AboutNPA/AbouttheNaturalProductsAssociation.aspx?hkey=8d3a15ab-f44f-4473-aa6e-ba27ccebcbb8
[3] http://www.aveeno.com/category/our+products/sun-protection.do

a. **<u>Former product packaging</u>**:

  

b. **<u>Current product packaging:</u>**

  

11. The phrases "100% naturally-sourced sunscreen ingredients" and "natural protection" constitute representations to a reasonable consumer that the Sunscreen Products contain only natural ingredients. The phrases "100% naturally-sourced sunscreen ingredients" and "natural protection" are misleading to a reasonable consumer because the Sunscreen Products actually contain numerous unnatural, synthetic ingredients.

12. Surveys and other market research, including expert testimony Plaintiff intends to introduce, will demonstrate that the phrases "100% naturally-sourced sunscreen ingredients" and "natural protection" are misleading to a reasonable consumer because the reasonable consumer believes that those phrases mean that a product is free of synthetic ingredients. For example, Plaintiff intends to present expert testimony demonstrating that over 70% of consumers believe that the phrase "100% naturally-sourced sunscreen ingredients" means that a product contains no unnatural or synthetic chemical ingredients.

13. Certain of the Products also contain unnatural, synthetic ingredients that have a high risk of contamination by 1,4 dioxane, a chemical that is "likely to be carcinogenic to humans."[4]

14. According to a New York Times article dated January 17, 2014, Johnson & Johnson is reducing the level of 1,4 dioxane in its products to trace amounts in response to customer concerns, further demonstrating that the phrases are material.

15. Defendant's false and misleading representations are particularly egregious because most of the Products are marketed for the care of babies.

16. The Products' individual product descriptions additionally advertise the "natural" nature of its products, writing,

---

[4] http://www.epa.gov/IRIS/subst/0326.htm

AVEENO [Product Name] contains MINERALGUARD™ Technology with 100% naturally sourced sunscreen ingredients, a more natural alternative.

17. The product descriptions for the Products marketed for babies state, "[i]t ensures your baby's skin is protected and not irritated."

## THE UNNATURAL INGREDIENTS

18. Directly contrary to Defendant's misrepresentations, the Products contain the following unnatural, synthetic ingredients:

a. The Lotion Sunscreen Products

   i. **Acrylates/Dimethicone Copolymer** – a synthetic anticaking and film forming agent.[5]

   ii. **Arachidyl Glucoside** – a synthetic surfactant.[6]

   iii. **Behenyl Alcohol** – also known as docosanol, is used as an emoillient, emulsifier and thickener in cosmetics.[7]

   iv. **Butylene Glycol** – a synthetic humectant (a substance that retains moisture).[8]

   v. **C12-15 Alkyl Benzoate** – a synthetic skin conditioning agent made from benzoic acid and long-chain alcohols.[9]

   vi. **Cetyl Dimethicone** – a synthetic silicone-based polymer.[10]

   vii. **Chlorphenesin** – a synthetic preservative.[11]

   viii. **Dimethicone** – a synthetic silicon-based polymer used as a lubricant and conditioning agent.[12]

   ix. **Dimethylimidazolidinone Rice Starch** – a synthetic ingredient used for viscosity control made by reacting 1,3-dimethyl-4, 5-dihydroxy-2-imidazolidinone with rice starch.[13]

---

[5] http://www.ewg.org/skindeep/ingredient/700147/ACRYLATES%3B%3B_DIMETHICONE_COPOLYMER/
[6] http://www.ewg.org/skindeep/ingredient/700479/ARACHIDYL_GLUCOSIDE/
[7] http://www.ewg.org/skindeep/ingredient/700659/BEHENYL_ALCOHOL/
[8] http://www.ewg.org/skindeep/ingredient/700861/BUTYLENE_GLYCOL/
[9] http://www.ewg.org/skindeep/ingredient/700898/C12-15_ALKYL_BENZOATE/
[10] http://www.ewg.org/skindeep/ingredient/701266/CETYL_DIMETHICONE/
[11] http://www.ewg.org/skindeep/ingredient/701327/CHLORPHENESIN/
[12] http://www.ewg.org/skindeep/ingredient/702011/DIMETHICONE/

x. ***Dipropylene Glycol Dibenzoate*** – a synthetic chemical compound used as an emollient and skin conditioning agent.[14]

xi. ***Ethylhexylglycerin*** – a synthetic skin conditioning agent and weak preservative.[15]

xii. ***Hydroxyethyl Acrylate/Sodium Acryloyldimethyl Taurate Copolymer*** – a synthetic emulsion stabilizer.[16]

xiii. ***Hydroxyphenyl Propamidobenzoic Acid*** – a synthetic oat ingredient used to boost the efficacy of natural oats.[17]

xiv. ***PEG-100 Stearate*** – a synthetic surfactant with contamination hazards from carcinogens ethylene oxide and 1,4 dioxane.[18]

xv. ***PEG-8*** – a synthetic humectant and solvent with contamination hazards from carcinogens ethylene oxide and 1,4 dioxane.[19]

xvi. ***Pentylene Glycol*** – a synthetic solvent and skin conditioning agent.[20]

xvii. ***Polyaminopropyl Biguanide*** – a synthetic preservative.[21]

xviii. ***Polyhydroxystearic Acid*** – a synthetic suspending agent.[22]

xix. ***Polysorbate 60*** – a synthetic surfactant and emulsifier with contamination hazards from carcinogens ethylene oxide and 1,4-dioxane.[23]

xx. ***PPG-15 Stearyl Ether Benzoate*** – a synthetic skin conditioning agent and emollient.[24]

xxi. ***Styrene/Acrylates Copolymer*** – a synthetic film forming agent.[25]

xxii. ***Triethoxycaprylylsilan*e – a synthetic silicone-based binder.[26]

---

[13] http://www.ewg.org/skindeep/ingredient/702073/DIMETHYLIMIDAZOLIDINONE_RICE_STARCH/
[14] http://www.ewg.org/skindeep/ingredient/702124/DIPROPYLENE_GLYCOL_DIBENZOATE/
[15] http://www.ewg.org/skindeep/ingredient/702352/ETHYLHEXYLGLYCERIN/
[16] http://www.ewg.org/skindeep/ingredient.php?ingred06=703053
[17] http://www.dermalinstitute.com/us/library/glossary.html?l=H
[18] http://www.ewg.org/skindeep/ingredient/721388/PEG-100_STEARATE/
[19] http://www.ewg.org/skindeep/ingredient/704655/PEG-8/
[20] http://www.ewg.org/skindeep/ingredient/704753/PENTYLENE_GLYCOL/
[21] http://www.ewg.org/skindeep/ingredient.php?ingred06=704962
[22] http://www.ewg.org/skindeep/ingredient.php?ingred06=705059
[23] http://www.ewg.org/skindeep/ingredient/705139/POLYSORBATE-60/
[24] http://www.ewg.org/skindeep/ingredient/705249/PPG-15_STEARYL_ETHER_BENZOATE/
[25] http://www.ewg.org/skindeep/ingredient/706353/STYRENE%3B%3B_ACRYLATES_COPOLYMER/

  xxiii. ***Trisiloxane*** – a synthetic antifoaming agent.[27]

 b. <u>The Bar Sunscreen Products</u>

  xxiv. ***BHT*** – a synthetic antioxidant preservative that the European Food Safety Authority has classified as a known immune toxicant or allergen with evidence of carcinogenicity.[28]

  xxv. ***C12-15 Alkyl Benzoate*** – see above.

  xxvi. ***Dimethicone*** – see above.

  xxvii. ***Dipropylene Glycol Dibenzoate*** – see above.

  xxviii. ***Ethylhexlglycerin*** – see above.

  xxix. ***Octyldodecyl Neopentanoate*** – a synthetic skin conditioning agent.[29]

  xxx. ***Phenyl Trimethicone*** – a synthetic silicone-based polymer.[30]

  xxxi. ***Polyethylene*** – a synthetic polymer used as a film-former and viscosity controller.[31]

  xxxii. ***Polyhydroxystearic Acid*** – see above.

  xxxiii. ***PPG-15 Stearyl Ether Benzoate*** – see above.

  xxxiv. ***Triethoxycaprylylsilane*** – see above.

19.  As set forth herein, Plaintiff and the members of the Class described below suffered an ascertainable loss in at least the following amounts, in that they paid a premium for the Products over comparable products[32] that are not marketed as natural:

---

[26] http://www.ewg.org/skindeep/ingredient/706643/TRIETHOXYCAPRYLYLSILANE/
[27] http://www.ewg.org/skindeep/ingredient/706714/TRISILOXANE/
[28] http://www.ewg.org/skindeep/ingredient/700741/BHT/
[29] http://www.ewg.org/skindeep/ingredient/704237/OCTYLDODECYL_NEOPENTANOATE/
[30] http://www.ewg.org/skindeep/ingredient.php?ingred06=704817
[31] http://www.ewg.org/skindeep/ingredient/704981/POLYETHYLENE/
[32] The comparable products are sold in many of the same stores and are used for the same purpose as the Aveeno products. Additionally, Aveeno Continuous Protection Sunblock contains many of the same ingredients as the Lotion Sunscreen Products, including behenyl alcohol, dimethicone and PEG 100 stearate. Banana Boat Baby Sunscreen Stick contains many of the same ingredients as the Bar Sunscreen Products, including BHT and dimethicone.

| *Aveeno "Natural" Product:* Lotion Sunscreen Products | *Price:* $10.99-$11.99/3 fl oz[33] | *Price Per Ounce:* $3.66-$4.00 |
|---|---|---|
| *Comparable product*: Aveeno Continuous Protection Sunblock SPF 55 | *Price:* $10.49/4 fl oz[34] | *Price Per Ounce:* $2.62 |
| *Premium paid per ounce:* | | $1.04- $1.38 |
| *Premium paid per 3 fl oz product:* | | *$3.12- $4.14* |

| *Aveeno "Natural" Product:* Bar Sunscreen Products | *Price:* $9.99/.5 fl oz[35] | *Price Per Ounce:* $19.98 |
|---|---|---|
| *Comparable product*: Coppertone Water Babies Sunscreen Stick SPF 55 | *Price:* $4.99/.6 fl oz[36] | *Price Per Ounce:* $8.31 |
| *Premium paid per ounce:* | | $11.67 |
| *Premium paid per .5 fl oz product:* | | *$5.83* |

20. Based on the foregoing, Plaintiff and the Class have been damaged.

21. Plaintiff brings this action individually and as a class action pursuant to Federal Rules of Civil Procedure Rule 23 on behalf of the following class (the "Class"):

> All purchasers of the Products:
>
> in Alaska from January 29, 2011, to the present,
>
> in California, Connecticut, Delaware, the District of Colombia, Illinois, New Hampshire, New York and Wisconsin from January 29, 2010, to the

---

[33] http://www.drugstore.com/aveeno-active-naturals-baby-natural-protection-spf-50-lotion/qxp461258?catid=184131; http://www.drugstore.com/aveeno-active-naturals-natural-protection-spf-50-lotion/qxp461262?catid=184131.
[34] http://www.drugstore.com/aveeno-sunblock-lotion-continuous-protection-spf-55/qxp163896?catid=184131
[35] http://www.drugstore.com/aveeno-baby-natural-protection-mineral-block-face-stick-spf-50/qxp328495?catid=184131
[36] http://www.drugstore.com/coppertone-water-babies-sunscreen-stick-spf-55/qxp249022?catid=184131

present,

in Florida, Hawaii, Massachusetts, Nebraska and Washington from January 29, 2009, to the present,

in Arkansas and Missouri from January 29, 2008, to the present,

in Maine, Michigan, New Jersey, and Vermont from January 29, 2007, to the present,

in Rhode Island from January 29, 2003, to the present, and

in any additional states which the Court determines to have sufficiently similar law to Connecticut without creating manageability issues,

who purchased the Products primarily for personal, family or household purposes. Specifically excluded from this Class are: the Defendant, the officers, directors and employees of Defendant; any entity in which Defendant has a controlling interest; any affiliate, legal representative of Defendant; the judge to whom this case is assigned and any member of the judge's immediate family; and any heirs, assigns and successors of any of the above persons or organizations in their capacity as such.

22. The members of the Class are so numerous that joinder of all members is impractical, as the products are sold in thousands of stores nationwide, including Walmart, Target, CVS and Walgreens. Upon information and belief, the Class includes thousands of persons who have purchased the Products.

23. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff's claims, and the claims of all Class members, arise out of the same conduct, policies and practices of Defendant as alleged herein, and all members of the Class are similarly affected by Defendant's wrongful conduct.

24. There are questions of law and fact common to the Class and these questions predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to:

    a. whether the phrase "100% naturally-sourced sunscreen ingredients" or "natural protection" constitutes a representation to a reasonable consumer that the products do not contain unnatural synthetic ingredients;

b. whether the representation is material to a reasonable consumer;

c. whether the Products contain synthetic ingredients; and

d. the proper method for calculating damages.

25. Plaintiff will fairly and adequately represent the Class and has retained counsel experienced and competent in the prosecution of consumer and class action litigation. Plaintiff has no interests antagonistic to those of other members of the Class. Plaintiff is committed to the vigorous prosecution of this action and anticipates no difficulty in the management of this litigation as a class action.

26. A class action is superior to other available methods for the fair and efficient adjudication of the controversy within the meaning of Rule 23(b) and in consideration of the matters set forth in Rule 23(b)(3)(A)-(D). Because of the amount of the individual Class members' claims relative to the complexity of the litigation and the financial resources of the Defendant, few, if any, members of the Class would seek legal redress individually for the wrongs complained of here. The maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members. Absent a class action, Class members will continue to suffer damages and Defendant's misconduct will proceed without remedy.

## COUNT I
**(Violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, *et seq.* ("CUTPA") and Materially Identical State Consumer Protection Statutes)**

27. Plaintiff restates all prior allegations as though fully pled herein.

28. Plaintiff brings this count individually and as a class action pursuant to Federal Rules of Civil Procedure Rule 23 on behalf of herself and the Class.

29. Defendant is engaged in "trade" and "commerce" as it distributes the Products to retail stores for sale to consumers within this and each of the states listed below.

30. Defendant's representation was material to a reasonable consumer and likely to affect consumer decisions and conduct.

31. Defendant has used and employed unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce.

32. Defendant's acts and practices offend public policy as established by statute. Defendant's acts and practices violate the Food, Drug, and Cosmetic Act, which provides that a cosmetic shall be deemed misbranded "[i]f its labeling is false or misleading in any particular." 21 U.S.C.A. § 362.

33. Defendant's acts and practices are immoral, unethical, oppressive and unscrupulous.

34. Defendant's conduct is substantially injurious to consumers. Such conduct has, and continues to cause, substantial injury to consumers because consumers would not have paid such a high price for the Products but for Defendant's false promotion that the Products are "natural." Consumers have thus overpaid for the Products and such injury is not outweighed by any countervailing benefits to consumers or competition.

35. No benefit to consumers or competition results from Defendant's conduct. Since consumers reasonably rely on Defendant's representations of the products and injury results from ordinary use of the Products, consumers could not have reasonably avoided such injury.

36. The foregoing unfair and deceptive practices directly, foreseeably and proximately caused Plaintiff and the Class to suffer an ascertainable loss when they paid a

premium for the Products over comparable products that are not marketed as consisting of natural ingredients.

37. The practices discussed above all constitute unfair competition or unfair, unconscionable, deceptive, or unlawful acts or business practices in violation of at least the following state consumer protection statutes:[37]

    a. **Alaska Unfair Trade Practices and Consumer Protection Act**, Alaska Stat. § 45.50.471, *et seq.*;

    b. **Arkansas Deceptive Trade Practices Act**, Ark. Code Ann. § 4-88-101, *et seq.*;

    c. **California Consumer Legal Remedies Act,** Cal. Civ. Code § 1750, *et seq.*, **California Unfair Competition Law,** Cal. Bus. & Prof. Code § 17200, *et seq.*;

    d. **Connecticut Unfair Trade Practices Act**, Conn. Gen. Stat. § 42-110a, *et seq.*;

    e. **Delaware Consumer Fraud Act**, Del. Code Ann. tit. 6, §2511, *et seq.*;

    f. **District of Columbia Consumer Protection Procedures Act,** D.C. Code § 28-3901, *et seq.*;

    g. **Florida Deceptive and Unfair Trade Practices Act,** Fla. Stat. § 501.201, *et seq.*;

    h. **Hawaii Unfair and Deceptive Practices Act**, Hawaii Rev. Stat. § 480-1, *et seq.*;

    i. **Illinois Consumer Fraud and Deceptive Business Practices Act**, 815 Ill. Comp. Stat. § 505/1, *et seq.*;

    j. **Maine Unfair Trade Practices Act**, Me. Rev. Stat., tit. 5, § 205-A, *et seq.*;

    k. **Massachusetts Regulation of Business Practices for Consumers' Protection Act**, Mass. Gen. Laws Ann. ch. 93A, § 1 *et seq.*;

    l. **Michigan Consumer Protection Act,** Mich. Comp. Laws § 445.901 *et seq.*;

    m. **Missouri Merchandising Practices Act**, Mo. Rev. Stat. § 407.010, *et seq.*;

    n. **Nebraska Consumer Protection Act**, Neb. Rev. Stat. § 59-1601 *et seq.*;

---

[37] There is no material conflict between these state statutes and CUTPA because these state statutes (1) do not require reliance by unnamed class members; (2) do not require scienter; and (3) allow class actions.

o. **New Hampshire Consumer Protection Act**, N.H. Rev. Stat. Ann. § 358-A:1. *et seq.*;

p. **New Jersey Consumer Fraud Act**, N.J. Stat. Ann. § 56:8-1, *et seq.*;

q. **New York Deceptive Acts and Practices Act**, N.Y. Gen. Bus. Law § 349, *et seq.*;

r. **Rhode Island Unfair Trade Practices and Consumer Protection Act**, R.I. Gen. Laws § 6-13.1-1, *et seq.*;

s. **Vermont Consumer Fraud Act**, Vt. Stat. Ann. tit. 9, § 2451, *et seq.*;

t. **Washington Consumer Protection Act**, Wash. Rev. Code § 19.86.010, *et seq.*;

u. **Wisconsin Deceptive Trade Practices Act**, Wis. Stat. § 100.18, *et seq.*;

38. The foregoing unfair and deceptive practices directly, foreseeably and proximately caused Plaintiff and the Class to suffer an ascertainable loss when they paid a premium for the Products over comparable products that are not marketed as consisting of natural ingredients.

39. Plaintiff and the Class are entitled to recover damages and other appropriate relief, as alleged below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for judgment against Defendant Johnson & Johnson as follows:

(a) For an Order certifying the Class described herein and appointing Plaintiff as Class Representative and her attorneys as Class Counsel;

(b) for an Order declaring that Defendant's conduct violates the statutes referenced herein;

(c) for compensatory damages in favor of Plaintiff and the other members of the Class and against Defendant;

(d) for punitive and/or exemplary damages, reasonable attorneys' fees, filing fees, and the reasonable costs of suit;

(e) other appropriate legal or equitable relief; and

(f) for such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: February 4, 2014

**IZARD NOBEL LLP**
**MARK P. KINDALL**
**ROBERT A. IZARD**
**JEFFREY S. NOBEL**
**NICOLE A. VENO**

By: /s/ Mark P. Kindall
Mark P. Kindall (Bar No. Ct13797)

29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone: (860) 493-6292
Facsimile: (860) 493-6190
mkindall@izardnobel.com
rizard@izardnobel.com
jnobel@izardnobel.com
nveno@izardnobel.com

Joseph J. DePalma
Katrina Carroll
**LITE DEPALMA GREENBERG, LLC**
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
jdepalma@litedepalma.com
kcarroll@litedepalma.com

Michael A. Laux
**LAW OFFICE OF MICHAEL A. LAUX**
8 Myrtle Avenue
Westport, CT 06880

Telephone: (203) 226-3392
Facsimile: (203) 222-8023
mlaux@lauxlaw.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 4th day of February, 2014, the foregoing document was filed electronically on the CM/ECF system, which caused all parties to be served by electronic means.

/s/ Nicole A. Veno
NICOLE A. VENO
ATTORNEY FOR PLAINTFF