UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HEIDI LANGAN on behalf of herself and all others similarly situated,<br><br>         Plaintiff,<br><br>    v.<br><br>JOHNSON & JOHNSON CONSUMER COMPANIES, INC.,<br><br>         Defendant. | Civil Action No. 13-cv-01470 (JBA) |

**REPLY MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

KL3 2965698.1

- i -

## Table of Contents

Page

INTRODUCTION ............................................................................................................................ 1

ARGUMENT .................................................................................................................................... 2

    I.   THE SECOND AMENDED COMPLAINT FAILS TO STATE A CLAIM UNDER CUTPA................................................................................................................. 2

        A.  Plaintiff's Claim for "Deceptive" Conduct Fails .......................................................... 2

        B.  Plaintiff's Claim for "Unfair" Conduct Fails ................................................................ 6

    II.  PLAINTIFF'S CLAIM IS EXPRESSLY PREEMPTED BY FDA REGULATIONS................................................................................................................. 6

    III. THE FDA HAS PRIMARY JURISDICTION OVER PLAINTIFF'S CLAIMS ............... 8

CONCLUSION................................................................................................................................. 9

# **TABLE OF AUTHORITIES**

**Cases** Page(s)

*Ackerman v. Coca-Cola Co.*,
   No. 09-0395 (JG)(RML), 2010 WL 2925955 (E.D.N.Y. July 21, 2010) ..............4 n.4, 7 n.7, 8

*Astiana v. Ben & Jerry's Homemade Inc.*,
   Nos. C 10-4387 (PJH), C 10-4937, 2011 WL 2111796 (N.D. Cal. May 26,
   2011) .......................................................................................................................................7 n.8

*Astiana v. Dreyer's Grand Ice Cream Inc.*,
   Nos. C-11-2910 (EMC), C-11-3164 (EMC), 2012 WL 2990766 (N.D. Cal.
   July 20, 2012)...........................................................................................................................3 n.4

*Astiana v. Hain Celestial Grp., Inc.*,
   905 F. Supp. 2d 1013 (N.D. Cal. 2012) ........................................................................................8

*Balser v. Hain Celestial Grp., Inc.*,
   No. CV 13-05604-R, 2013 WL 6673617 (C.D. Cal. Dec. 18, 2013) .......................2 n.3, 9 n.10

*Bruton v. Gerber Prods. Co.*,
   No. 12-CV-02412-LHK, 2013 WL 4833413 (N.D. Cal. Sept. 6, 2013)...............................2 n.3

*Crozier v. Johnson & Johnson Consumer Cos.*,
   901 F. Supp. 2d 494 (D.N.J. 2012) ...............................................................................................7

*Davis v. HSBC Bank Nev. N.A.*,
   691 F.3d 1152 (9th Cir. 2012) ...................................................................................................5, 6

*Fantasy, Inc. v. Fogerty*,
   984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)....................1 n.2

*Fagan v. Neutrogena Corp.*,
   No. 5:13-CV-01316-SVW-OP, 2014 WL 92255 (C.D. Cal. Jan. 8, 2014) ...................7, 9 n.10

*Fink v. Time Warner Cable*,
   714 F.3d 739 (2d Cir. 2013).............................................................................................................4

*Herrington v. Johnson & Johnson Consumer Cos.*,
   No. C 09-1597 CW, 2010 WL 3448531 (N.D. Cal. Sept. 1, 2010).......................................1 n.2

*Hines v. Overstock.com, Inc.*,
   No. 09 CV 991(SJ), 2013 U.S. Dist. LEXIS 117141 (E.D.N.Y. Aug. 19, 2013).......................4

*Hwang v. Ohso Clean, Inc.*,
   No. C-12-06355 (JCS), 20013 WL 1632697 (N.D. Cal. Apr. 16, 2013)....................7 n.8, 8 n.9

*In re Epogen & Aranesp Off-Label Mktg. & Sales Practices Litig.*,
   590 F. Supp. 2d 1282 (C.D. Cal. 2008) ............................................................................7 n.8

*In re Frito-Lay N.A., Inc. All Natural Litig.*,
   No. 12-MD-2413 (RRM)(RLM), 2013 WL 4647512 (E.D.N.Y. Aug. 29,
   2013) ..................................................................................................................3 n.4, 7 n.8

*Ivie v. Kraft Foods Global, Inc.*,
   No. C-12-02554 (RMW), 2013 WL 685372 (N.D. Cal. Feb. 25, 2013) .................................7

*Janney v. Gen. Mills*,
   944 F. Supp. 2d 806 (N.D. Cal. 2013) ..............................................................................8 n.9

*Lockwood v. Conagra Foods, Inc.*,
   597 F. Supp. 2d 1028 (N.D. Cal. 2009) .........................................................................7 n.8, 8

*Manchouck v. Mondeléz Int'l., Inc.*,
   No. C 13-02148 WHA, 2013 WL 5400285 (N.D. Cal. Sept. 26, 2013) ..............................3 n.4

*Parker v. J.M. Smucker Co.*,
   No. C 13-0690 SC, 2013 WL 4516156 (N.D. Cal. Aug. 23, 2013) .....................................8 n.9

*Red v. Kraft Foods, Inc.*,
   No. CV-10-1028-GW, 2012 WL 5504011 (C.D. Cal. Oct. 25, 2012) ..................................2 n.3

*Saint Bernard Sch. of Montville v. Bank of Am.*,
   No. CV-08506676, 2009 WL 1624479 (Conn. Super. Ct. May 20, 2009) ..............................6

*Torres-Hernandez v. CVT Prepaid Solutions, Inc.*,
   No. 3:08-cv-1057-FLW, 2008 WL 5381227 (D.N.J. Dec. 17, 2008) ..................................8 n.9

*Von Koenig v. Snapple Beverage Corp.*,
   713 F. Supp. 2d 1066 (E.D. Cal. 2010) ............................................................................3 n.4

*Williams v. Gerber Prods. Co.*,
   552 F.3d 934 (9th Cir. 2008) ..............................................................................................3, 4

## Statutes

21 U.S.C. § 379r(a)(2) .......................................................................................................................7

Fed. R. Civ. P. 12(f)(1). ................................................................................................................1 n.2

## Other Authorities

58 Fed. Reg. 2302, 2407 (Jan. 6, 1993) ........................................................................................8 n.9

KL3 2965698.1

Defendant Johnson & Johnson Consumer Companies, Inc. ("J&JCC") respectfully submits this reply memorandum of law in further support of its Motion to Dismiss the Second Amended Class Action Complaint.[1]

## INTRODUCTION

Plaintiff does not dispute that the Products, labeled "natural protection" with "100% naturally sourced sunscreen ingredients," contain naturally sourced sunscreen ingredients. Rather, Plaintiff's opposition to J&JCC's motion is based on the extraordinary proposition that reasonable consumers would disregard the plain meaning of those phrases and instead assume that the entire Product, rather than just the ingredients that provide protection from the sun's rays, is natural. Moreover, Plaintiff asserts that a reasonable consumer viewing the Products' ingredient listings would not understand that some of the ingredients, which include, for example, "hydroxyethyl acrylate/sodium acryloyldimethyl taurate copolymer," are not natural. Because this would be a patently unreasonable reading of the label, Plaintiff's CUTPA claim cannot withstand analysis under the "reasonable consumer" test. Furthermore, this argument confirms that Plaintiff is seeking to impose requirements that are inconsistent with FDA labeling regulations and that implicate matters within the FDA's purview and expertise.[2]

---

[1] Terms defined in J&JCC's Memorandum of Law in Support of Defendant's Motion to Dismiss ("Def. Br.") have the same meaning herein.

[2] In an improper attempt to prejudice the Court against J&JCC, Plaintiff also asserts that the ingredients in the Products are "harmful," "toxic" and cause cancer. Pl. Br. 3,7,13, citing allegations in Am. Compl. ¶¶ 13,18. Such allegations cannot form the basis of her claim because she does not allege to have suffered any such harm, nor does she allege any credible risk of such harm that could suffice as a concrete, imminent injury. *See, e.g., Herrington v. Johnson & Johnson Consumer Cos.*, No. C 09-1597 CW, 2010 WL 3448531 (N.D. Cal. Sept. 1, 2010).

KL3 2965698.1

## ARGUMENT

I. **THE SECOND AMENDED COMPLAINT FAILS TO STATE A CLAIM UNDER CUTPA**

   A. **Plaintiff's Claim for "Deceptive" Conduct Fails**

Plaintiff does not dispute that the sunscreen ingredients in the Products are zinc oxide and titanium dioxide, nor does she contend that these sunscreen ingredients are not naturally sourced. Nevertheless, Plaintiff insists that reasonable consumers would ignore the plain meaning of the true statement "100% naturally sourced sunscreen ingredients" and assume that all of the ingredients in the Products are natural, as opposed to just the ingredients that provide protection from the sun. Indeed throughout her memorandum, Plaintiff asserts that the labels state "100% naturally sourced," rarely indicating that the phrase specifically includes the words "sunscreen ingredients." But while Plaintiff can choose to ignore what the labels actually say in her brief, a cause of action under CUTPA cannot be based on the proposition that a reasonable consumer would ignore the unambiguous plain language of a challenged claim. Def. Br. 12-14.[3] For this reason alone, the claims should be dismissed.

---

[3] Plaintiff's distinctions of J&JCC's authority on this point lack merit. As in *Red v. Kraft Foods, Inc.*, No. CV-10-1028-GW (AGRx), 2012 WL 5504011, at *3 (C.D. Cal. Oct. 25, 2012), reasonable consumers cannot "read a true statement on a package" that the products provide "natural protection" and contain "100% naturally sourced sunscreen ingredients" and "disregard 'well-known facts of life' and assume things about the products *other than* what the statement actually says." (emphasis in original). As in *Bruton v. Gerber Prods. Co.*, No. 12-CV-02412-LHK, 2013 WL 4833413, at *21 (N.D. Cal. Sept. 6, 2013), Plaintiff "fails to explain why a label claiming that a product" contains 100% naturally-sourced sunscreen ingredients "plausibly implies that the *entire* product – which contains ingredients other than [sun protection ingredients] – is free of synthetic ingredient or ingredients." (emphasis in original). And as in *Balser v. Hain Celestial Grp., Inc.*, No. CV 13-05604-R, 2013 WL 6673617, at *1 (C.D. Cal. Dec. 18, 2013), Plaintiff's definition of natural as "existing in or produced by nature" is "implausible as applied to the products at issue" because, like the cosmetics at issue in *Balser*, sunscreen products "are manufactured" and "do not exist in nature."

Moreover, and contrary to Plaintiff's assertions, even an ambiguity as to whether "sunscreen ingredients" can plausibly be distorted to mean "ingredients" does not create a factual question because any such ambiguity is clarified by the ingredient list, which identifies every ingredient in the Products as required by FDA regulations. Def. Br. 14-15. Plaintiff's reliance on *Williams v. Gerber Prods. Co.*, 552 F.3d 934 (9th Cir. 2008), and other cases that apply *Williams* is misplaced for two reasons.

First, *Williams* does not apply to a literally truthful statement. In *Williams*, the court held that defendant Gerber's packaging could plausibly be misleading because the label showed pictures of fruits along with the phrase "Fruit Juice," even though "the product contained no fruit juice from any of the fruits pictured on the packaging." 552 F.3d at 936. The packaging also stated "other all natural ingredients," even though not all of the ingredients were natural. *Id.* at 939. The court held that Gerber could not "rely on the ingredient list to correct [its] misrepresentations," because an ingredient list should "contain[] more detailed information about the product that confirms other representations on the packaging." *Id.* at 939-40. As other courts have recognized, however, *Williams* does not apply where, as here, the complete ingredient listing on the back label is fully consistent with the front label statements "natural protection" and "100% naturally sourced sunscreen ingredients." *See* cases cited in Def. Br. 14-15.[4]

---

[4] *See also, Manchouck v. Mondeléz Int'l., Inc.*, No. C 13-02148 WHA, 2013 WL 5400285, at *3 (N.D. Cal. Sept. 26, 2013) ("Unlike *Williams* . . . Nabisco's Newtons *do contain* the fruits depicted and described on the front of the packaging. Thus, plaintiff's complaint is distinguishable from these actions in that it does not concern an affirmative misrepresentation.") (emphasis added). Other cases cited by Plaintiff are similarly distinguishable. In *Von Koenig v. Snapple Beverage Corp.*, 713 F. Supp. 2d 1066 (E.D. Cal. 2010), *Astiana v. Dreyer's Grand Ice Cream Inc.*, Nos. C-11-2910 (EMC), C-11-3164 (EMC), 2012 WL 2990766, at *10 (N.D. Cal. July 20, 2012), and *In re Frito-Lay N.A., Inc. All Natural Litig.*, No. 12-MD-2413 (RRM)(RLM), 2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013), "all natural" labels were plausibly misleading because the products contained allegedly synthetic ingredients. By contrast here, there is no dispute that the products contain "100% naturally sourced sunscreen ingredients," which is

- 3 -

Second, Plaintiff's reading of *Williams* contravenes the recent holding of the Court of Appeals for the Second Circuit that "context is crucial" in determining whether a reasonable consumer can be misled, and "a disclaimer or similar clarifying language may defeat a claim of deception" in a consumer-fraud case. *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013). Plaintiff does not dispute this principle of law. Pl. Br. 9 n.7. Here, the phrase "natural protection" must be considered in the context of the phrase "100% naturally-sourced sunscreen ingredients," which appears immediately below it and makes clear that the former is a reference to the fact that the ingredients that provide protection from the sun's rays are entirely naturally sourced. These phrases must also be considered in the context of the ingredient listing, which fully discloses all of the natural and non-natural ingredients in the Products. *See,* Def. Br. 13-16; *see also, Hines v. Overstock.com, Inc.*, No. 09 CV 991(SJ), 2013 U.S. Dist. LEXIS 117141, at *28 (E.D.N.Y. Aug. 19, 2013) (alleged failure to disclose the existence of a return fee was, as a matter of law, not misleading because "a reasonable consumer would not have simply continued to finalizing his or her order without first reviewing the relevant website for the vendor's return policy.").

Perhaps most overreaching is Plaintiff's argument that the ingredient list does not clarify any ambiguity because reasonable consumers cannot discern that the entire product is not natural without a "disclos[ure] that those ingredients are artificial." Pl. Br. 8.[5] It is simply not plausible

---

consistent with and confirmed by the ingredient list. In *Ackerman v. Coca-Cola Co.*, No. 09-0395 (JG)(RML), 2010 WL 2925955, *15 (E.D.N.Y. July 21, 2010), plaintiff could plausibly have been misled into thinking that vitaminwater™ was made solely of vitamins and water based on labeling that included the affirmative representation "vitamins + water = what's in your hand," even though a sugar ingredient was disclosed in the nutritional panel. The court was also persuaded by the fact that the FDA recognized that the labeling at issue may be deceptive. *Id.*

[5] Plaintiff refers to her "inten[tion]" to introduce survey evidence that consumers are misled by the challenged language. Pl. Br. 3, 6. An unspecified "survey," not attached to the complaint, has no bearing on whether, as a matter of law, reasonable consumers can be misled by the

that a reasonable consumer, reading an ingredient list that includes obvious synthetic ingredients like, "hydroxyethyl acrylate/sodium acryloyldimethyl taurate copolymer," would believe that the product contains 100% natural ingredients. Indeed, "[a] representation does not become 'false and deceptive' merely because it will be unreasonably misunderstood by an insignificant and unrepresentative segment of the class of persons to whom the representation is addressed." *Davis v. HSBC Bank Nev. N.A.*, 691 F.3d 1152, 1162 (9th Cir. 2012) (citation omitted).

Finally, Plaintiff asserts that J&JCC must know that the label communicates to a reasonable consumer that the Products are entirely natural because it charges more for the Products than "comparable" products that make no such claims. Pl. Br. 7. But as Plaintiff's own pleading makes clear, the sun protection ingredients in the purportedly "comparable" products are *not* the 100% naturally-sourced sunscreen ingredients titanium dioxide and zinc oxide, and those products could thus not make such claims. *See* websites cited in Am. Compl. ¶ 19 nn. 34, 36. Indeed, Plaintiff also references Aveeno's website, which explains precisely how and why 100% naturally sourced sunscreen ingredients deliver unique benefits to the skin. Pl. Br. ¶ 9. For instance, the website states:

> AVEENO® Baby Natural Protection Face Stick Sunscreen with Broad Spectrum SPF 50 contains MINERALGUARD™ Technology with 100% naturally sourced sunscreen ingredients, a *more* natural alternative. Formulated with ACTIVE NATURALS® Colloidal Oatmeal and mineral ingredients (Titanium Dioxide and Zinc Oxide), this sunscreen forms a protective barrier on top of the skin that scatters UVA and UVB rays for superior sun protection. It ensures your baby's delicate skin is protected, not irritated, and is oil free, fragrance free, hypoallergenic, and water resistant for 80 minutes.[6]

J&JCC's advertising simply informs consumers of these benefits.

---

Products' labels. Moreover, the survey referenced by Plaintiff, which has been used in another case, is riddled with flaws and does not test the actual packaging of the Products, thus missing the point that any arguable ambiguity of the challenged language is clarified by consistent language in the ingredient panel.

[6] http://www.aveeno.com/product/aveeno-+baby+natural+protection+face+stick+with+broad+spectrum+spf+50.do?sortby=ourPicks&from=fn (emphasis added).

- 5 -

### B.     Plaintiff's Claim for "Unfair" Conduct Fails

Plaintiff also fails to state a claim for unfair practices under any of the three prongs of Connecticut's cigarette rule. Def. Br. 17-20. As to the first prong, Plaintiff does not deny that her claim fails if the Court finds that the labels are not misleading. Pl. Br. 11. Because the Products' labels are not misleading (*supra* at 2-5), her claim under this prong must fail.

With respect to the second prong, Plaintiff argues that her bare assertion that J&JCC's conduct is immoral, unethical, oppressive or unscrupulous and her hope that discovery will demonstrate J&JCC's intentions is sufficient to state a claim. Pl. Br. 12. As set out in our moving brief, however, merely alleging this conclusion of law is inadequate. Def. Br. 18. *See also, Saint Bernard Sch. of Montville v. Bank of Am.*, No. CV-08506676, 2009 WL 1624479, at *3 (Conn. Super. Ct. May 20, 2009) ("plaintiff's contention that the defendant's conduct constituted an oppressive and unethical practice is a mere legal conclusion upon which relief may not be granted."). Plaintiff also fails entirely to address J&JCC's argument that its conduct cannot violate this prong when it fully disclosed the ingredients in the Products' ingredient panel.

Finally, as to the third prong, Plaintiff attempts to distinguish *Davis,* by arguing that, unlike the plaintiff in that case, who failed to read the full advertisement, Plaintiff's injury could not have been avoided by reading the full labels because the ingredient list does not specifically state that some ingredients are synthetic. Pl. Br. 13. For the reasons stated above (at 4-5), this argument is meritless. Furthermore, Plaintiff does not even attempt to identify facts to support the conclusory allegation that her injury is not outweighed by any benefits associated with J&JCC's advertising. Pl. Br. 13. *See,* Def. Br. 19-20.

### II.    PLAINTIFF'S CLAIM IS EXPRESSLY PREEMPTED BY FDA REGULATIONS

Contrary to Plaintiff's assertion that she "does not seek to require Defendant to provide additional information not required by the FDA" (Pl. Br. 14), Plaintiff argues that her claims are

plausible because the Products do not explicitly disclose which of their ingredients are synthetic (Pl. Br. 8). This is an obligation that is indisputably "different from or in addition to, or that is otherwise not identical with" FDA regulations. 21 U.S.C. § 379r(a)(2). Thus, the relief sought clearly falls within express statutory preemption.[7]

As anticipated, Plaintiff places principal reliance on *Fagan v. Neutrogena Corp.*, No. 5:13-CV-01316-SVW-OP, 2014 WL 92255 (C.D. Cal. Jan. 8, 2014). Pl. Br. 15-16. But *Fagan* is not persuasive here, because it did not address any of the authority cited by J&JCC in this matter, including *Crozier v. Johnson & Johnson Consumer Cos.*, which, contrary to Plaintiff's contention, is very much on point. In *Crozier*, use of the Neosporin trademark and trade dress on antiseptic spray was alleged to be a "misrepresentation of fact" that the spray, like most Neosporin brand products, contained antibiotics. Because, as here, defendant complied with the FDA's ingredient listing requirements, the court held that such "claims pertaining to the spray's label are preempted." 901 F. Supp. 2d 494, 505 (D.N.J. 2012). The remainder of the cases cited by Plaintiff address the issue of whether ingredients were synthetic such as to render "all natural" labels literally false.[8] Thus, unlike here, the relief sought in those cases would not foreclose a literally truthful claim that a specified ingredient is sourced from nature unless the label also

---

[7] *Ackerman* is inapposite because, unlike here, plaintiff claimed that defendant violated specific FDA requirements, and thus the court determined that the state claim mirrored its federal counterpart.

[8] *See, In re Frito-Lay N.A. Inc. All Natural Litig.*, (food labeled "all natural"); *Ivie v. Kraft Foods Global, Inc.*, No. C-12-02554 (RMW), 2013 WL 685372, at *12 (N.D. Cal. Feb. 25, 2013) (food labeled "100% natural" and "natural cheese"); *Astiana v. Ben & Jerry's Homemade Inc.*, Nos. C 10-4387 (PJH), C 10-4937, 2011 WL 2111796 (N.D. Cal. May 26, 2011) (food labeled "all natural"); *Lockwood v. Conagra Foods, Inc.*, 597 F. Supp. 2d 1028 (N.D. Cal. 2009) (same). Plaintiff's other cases do not even reach the express preemption issue. *Hwang v. Ohso Clean, Inc.*, No. C-12-06355 (JCS), 20013 WL 1632697, at *17 (N.D. Cal. Apr. 16, 2013) (analysis limited to implied preemption); *In re Epogen & Aranesp Off-Label Mktg. & Sales Practices Litig.*, 590 F. Supp. 2d 1282 (C.D. Cal. 2008) (analyzed whether plaintiffs impermissibly attempted to bring a private suit under the FDCA.).

explicitly states that other ingredients are synthetic, which is what Plaintiff seeks to require. These cases in no way support Plaintiff's position that it is consistent with FDA regulations to require J&JCC to label certain ingredients as synthetic if it wants to continue making the claims at issue.

### III.  THE FDA HAS PRIMARY JURISDICTION OVER PLAINTIFF'S CLAIMS

Plaintiff does not dispute that "natural" labeling on cosmetics presents an issue that has not been resolved by the FDA. Def. Br. 9. Plaintiff responds by citing the informal FDA letter declining to address the issue of what "natural" means in the context of cosmetic labeling "at this time." Weinberger Decl. Exh. I, Pl. Br. 19. The letter does not change the fact that courts have not been provided with any guidance as to the context in which the FDA would find "natural" claims to be permissible on cosmetic labeling. Thus, it has no bearing on the holding of *Astiana v. Hain Celestial Grp., Inc.*, 905 F. Supp. 2d 1013, 1016 (N.D. Cal. 2012) that the doctrine of primary jurisdiction was applicable because "FDA cosmetics regulations are silent as to when, if ever, the use of the word 'natural' is false or misleading."[9] The absence of FDA guidance also creates a heightened danger of inconsistent rulings, (Def. Br. 10-11), a factor militating in favor

---

[9] Plaintiff's cases are inapposite because they concern "natural" labeling on food, an area in which the FDA has issued guidance. 58 Fed. Reg. 2302, 2407 (Jan. 6, 1993). *Janney v. Gen. Mills*, 944 F. Supp. 2d 806, 814 (N.D. Cal. 2013) (informal guidance on natural food labeling "suggests that the FDA does have a position of sorts—unlike the situation in *Astiana* [*v. Hain Celestial Gp. Inc.*], where the FDA had issued no guidance whatsoever, even informal policy statements, regarding the use of the term 'natural' on cosmetics packaging"); *see Parker v. J.M. Smucker Co.*, No. C 13-0690 SC, 2013 WL 4516156 (N.D. Cal. Aug. 23, 2013) ("all natural" labeling on food); *Lockwood*, (same). *Ackerman* also concerned an area in which the FDA had issued guidance. In *Torres-Hernandez v. CVT Prepaid Solutions, Inc.*, No. 3:08-cv-1057-FLW, 2008 WL 5381227 (D.N.J. Dec. 17, 2008), there was no danger of inconsistent rulings. *Hwang* is not applicable because it announced a rule—not relevant here—that primary jurisdiction does not apply where the challenged claim is alleged to be "factually incorrect" and the FDA has not adopted a contrary position. 2013 WL 1632697, at *18 (soap falsely labeled "kills 99% of germs").

of dismissal that Plaintiff fails to address entirely.[10] Moreover, Plaintiff's assertion that her claims "do *not* implicate matters within the FDA's purview or that require its expertise" (Pl. Br. 17) (emphsis in original), is belied by her argument that the FDA-mandated ingredient listing is inadequate to inform consumers about the nature of ingredients. *Id.* 8.

## CONCLUSION

For the foregoing reasons and the reasons set forth in its moving brief, J&JCC respectfully requests that the Second Amended Complaint be dismissed in its entirety.

DATED: March 20, 2014

Respectfully Submitted,

By: /s/ Wystan M. Ackerman
Wystan M. Ackerman (ct24090)
Robinson & Cole LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597
Phone: (860) 275-8200
Fax: (860) 275-8299

Harold P. Weinberger (phv 06406)
Eileen M. Patt (phv06407)
Rachel L. Feinberg (phv06487)
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Phone : (212) 715-9100
Fax : (212) 715-8000

Attorneys for Defendant
JOHNSON & JOHNSON CONSUMER
COMPANIES, INC.

---

[10] Plaintiff's citation to *Fagan v. Neutrogena Corp.* 2014 WL 92255, only highlights this danger. Three weeks before *Fagan* denied defendant's motion to dismiss on the ground that no reasonable consumer would be misled by the "natural" representations on cosmetic and over-the-counter drug products, a court in the same district also considering the "natural" labeling of cosmetic products found the reverse, holding that no reasonable consumer would be misled by such labeling. *See, Balser,* 2013 WL 6673617.

- 9 -

KL3 2965698.1

- 10 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of March, 2014, a copy of the foregoing was filed electronically with the Court's ECF system. Notice of this filing will be served upon all counsel of record by operation of the Court's ECF system.

/s/ Wystan M. Ackerman_____

KL3 2965698.1