REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| HEIDI LANGAN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>JOHNSON & JOHNSON CONSUMER COMPANIES, INC.,<br><br>Defendant. | Civil Action No. 3:13-CV-01470-JAM |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

## **TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................1

II.     PLAINTIFF HAS SATISFIED RULE 23(a)......................................................4

        A.  The Class is Sufficiently Numerous ................................................4

        B.  There are Common Questions of Law or Fact................................5

            1.  The Representations are Common to the Class ....................................6
            2.  Whether the Representations are False or Misleading
                to a Reasonable Consumer is a Common Question .............................7
            3.  Whether the Representations are Material is Common  ......................9

        C.  Plaintiff's Claims are Typical of the Claims or Defenses
            of the Class...................................................................................10

        D.  The Named Plaintiff Will Fairly and Adequately Protect
            the Interests of the Class ..............................................................12

III.    PLAINTIFF HAS SATISFIED RULE 23(b)(2)..............................................13

IV.     THE CLASS IS ASCERTAINABLE..............................................................14

V.      CONCLUSION.........................................................................................16

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

## <u>TABLE OF AUTHORITIES</u>

*Ackerman v. Coca-Cola Co.,* No. 09 CV 395 DLI RML,
   2013 WL 7044866 (E.D.N.Y. July 18, 2013)......................................3, 7, 8, 14, 15

*Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 133 S. Ct. 1184 (2013).........5, 9, 10

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 222 F.3d 52 (2d Cir. 2000)...............12

*Banyai v. Mazur*, 205 F.R.D. 160 (S.D.N.Y. 2002)....................................................4

*Beck-Ellman v. Kaz USA, Inc.*, 283 F.R.D. 558 (S.D. Cal. 2012) ......................................3

*Brown v. Hain Celestial Grp., Inc.*, No. 11-CV-03082-LB,
   2015 WL 3398415 (N.D. Cal. May 26, 2015) ......................................................7

*Caldor, Inc. v. Heslin,* 215 Conn. 590 (1990)...................................................7, 9

*Chavez v. Blue Sky Natural Beverage Co.*, 268 F.R.D. 365 (N.D. Cal. 2010) ....................3

*In re ConAgra Foods, Inc.,* No. CV 11-05379 MMM,
   2015 WL 1062756 (C.D. Cal. Feb. 23, 2015)........................................................3

*Consol. Rail Corp. v. Town of Hyde Park,* 47 F.3d 473 (2d Cir. 1995) .........................4-5

*Ebin v. Kangadis Food Inc.,* 297 F.R.D. 561 (S.D.N.Y. 2014) ...................................3, 7, 8

*Ellis v. Gen. Revenue Corp.,* 274 F.R.D. 53 (D. Conn. 2011) .............................................8

*In re Flag Telecom Holdings, Ltd. Sec. Litig.,* 574 F.3d 29 (2d Cir. 2009)......................12

*Forcellati v. Hyland's, Inc.,* No. CV 12-1983-GHK MRWX,
   2014 WL 1410264 (C.D. Cal. Apr. 9, 2014) ......................................................15

*Jermyn v. Best Buy Stores, L.P.,* 256 F.R.D. 418 (S.D.N.Y. 2009)...................................14

*Kaye v. Amicus Mediation & Arbitration Grp., Inc.,*
   300 F.R.D. 67 (D. Conn. 2014)..........................................................................4, 15

*Kraft, Inc. v. F.T.C.,* 970 F.2d 311 (7th Cir.1992)...............................................................9

*Kwikset Corp. v. Superior Court,* 51 Cal. 4th 310, 246 P.3d 877 (2011) ..........................9

*LaFlamme v. Carpenters Local #370 Pension Plan,*
   212 F.R.D. 448 (N.D.N.Y. 2003) ...........................................................................4

*LG Electronics U.S.A., Inc. v. Whirlpool Corp.,* 661 F. Supp. 2d 940 (N.D. Ill. 2009) ......9

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

*Mahon v. Chicago Title Ins. Co.,* 296 F.R.D. 63 (D. Conn. 2013) ...............................5, 10

*McCrary v. Elations Co.,* No. EDCV 13-00242 JGB OP,
    2014 WL 1779243 (C.D. Cal. Jan. 13, 2014) ......................................................15

*Marisol A. v. Giuliani,* 126 F.3d 372, 377 (2d. Cir. 1997) ...................................................7

*Merck Eprova AG v. Brookstone Pharm., LLC,* 920 F. Supp. 2d 404 (S.D.N.Y. 2013) .....8

*Mullins v. Direct Digital, LLC*, No. 15-1776,
    2015 WL 4546159 (7th Cir. July 28, 2015)..........................................................15

*In re Polaroid ERISA Litig.,* 240 F.R.D. 65 (S.D.N.Y. 2006) ..............................................5

*In re POM Wonderful*, No. ML 10–02199 DDP (RZx),
    2012 WL 4490860 (C.D. Cal. 2012)......................................................................3

*Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523 (N.D. Cal. 2012) ..........................14

*In re Scotts EZ Seed Litig.*, 304 F.R.D. 397 (S.D.N.Y. Jan. 26, 2015).....................3, 7, 15

*Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.,*
    293 F.R.D. 287 (E.D.N.Y.2013) ..................................................................... 14-15

*Suisman, Shapiro, Wool, Brennan, Gray & Greenberg, P.C. v. Suisman,*
    No. 3:04-cv-745, 2006 WL 387289 (D. Conn. Feb. 15, 2006)..............................7

*Sykes v. Mel S. Harris & Associates LLC,* 780 F.3d 70 (2d Cir. 2015)........................5, 12

*Thompson v. Linvatec Corp.,* No. 06-0404,
    2007 WL 1526418 (N.D.N.Y. May 22, 2007).........................................................5

*In re U.S. Foodservice Inc. Pricing Litig.,* 729 F.3d 108 (2d Cir. 2013)............................6

*Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541 (2011) ...............................................5, 14

*Zeisel v. Diamond Foods, Inc.*, No. C 10–01192 JSW,
    2011 WL 2221113 (N.D. Cal. Jun. 7, 2011).........................................................3

## STATUTES, REGULATIONS, RULES & MISCELLANEOUS

Connecticut Unfair Trade Practices Act, Conn Gen. Stat. § 42-110a *et seq.* .....................5

Fed. R. Civ. P. 23(a) ..................................................................................................1, 4

Fed. R. Civ. P. 23(a)(1)...................................................................................................4

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

Fed. R. Civ. P. 23(a)(2)...................................................................................................5, 6

Fed. R. Civ. P. 23(a)(3)..............................................................................................10, 11

Fed. R. Civ. P. 23(a)(4)...................................................................................................12

Fed. R. Civ. P. 23(g) ........................................................................................................13

Fed. R. Civ. P. 23(g)(1)................................................................................................4, 13

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

Plaintiff Heidi Langan ("Plaintiff") respectfully submits this Memorandum of Law in support of her Motion for Class Certification.

## I.    INTRODUCTION

Pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, Plaintiff seeks certification of a class of purchasers of certain sunscreen products manufactured and sold by Defendant Johnson & Johnson Consumer Companies, Inc. (hereafter, "Defendant" or "J&J") under the Aveeno® label: Aveeno® Baby Brand Natural Protection Lotion Sunscreen with Broad Spectrum SPF 30 and SPF 50 (the "Baby Lotion Products"), Aveeno® Brand Natural Protection Lotion Sunscreen with Broad Spectrum SPF 30 and SPF 50 (the "Adult Lotion Products"), and Aveeno® Baby Brand Natural Protection Face Stick with Broad Spectrum SPF 50 and SPF 50+ (the "Baby Suncreen Stick Products) (hereinafter, collectively, the "Products"). Specifically, Plaintiff seeks certification of the following Class:

> (a) The "Class"
>
> All purchasers of the Aveeno® Brand Natural Protection Sunscreen products (Aveeno® Baby Brand Natural Protection Lotion Sunscreen with Broad Spectrum SPF 30 and SPF 50, Aveeno® Brand Natural Protection Lotion Sunscreen with Broad Spectrum SPF 30 and SPF 50, and Aveeno® Baby Brand Natural Protection Face Stick with Broad Spectrum SPF 50 and SPF 50+) in Alaska from January 25, 2011 to the present, and in Arkansas, California, Connecticut, Delaware, the District of Columbia, Florida, Hawaii, Illinois, Massachusetts, Michigan, Missouri, New Jersey, New York, Rhode Island, Vermont, Washington and Wisconsin from September of 2010 until the present, who purchased the Products primarily for personal, family or household purposes. Specifically excluded from this Class are: the Defendant, the officers, directors and employees of Defendant; any entity in which Defendant has a controlling interest; any affiliate, legal representative of Defendant; the judge to whom this case is assigned and any member of the judge's immediate family; and any heirs, assigns and successors of any of the above persons or organizations in their capacity as such.

(b) In the alternative, Plaintiff seeks an order certifying the following class:

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

> All purchasers of the Aveeno® Brand Natural Protection Sunscreen products (Aveeno® Baby Brand Natural Protection Lotion Sunscreen with Broad Spectrum SPF 30 and SPF 50, Aveeno® Brand Natural Protection Lotion Sunscreen with Broad Spectrum SPF 30 and SPF 50, and Aveeno® Baby Brand Natural Protection Face Stick with Broad Spectrum SPF 50 and SPF 50+) in the State of Connecticut from September of 2010 until the Present, who purchased the Products primarily for personal, family or household purposes.  Specifically excluded from this Class are:  the Defendant, the officers, directors and employees of Defendant; any entity in which Defendant has a controlling interest; any affiliate, legal representative of Defendant; the judge to whom this case is assigned and any member of the judge's immediate family; and any heirs, assigns and successors of any of the above persons or organizations in their capacity as such.

From the time J&J first sold the Products in late 2010 until the present, the front label, known as the Principal Display Panel ("PDP"), for each Product described the Products as "sunblock" or "sunscreen," and represented that each Product contains "100% naturally sourced sunscreen ingredients" that provide "natural protection."  These representations are materially false and misleading to reasonable consumers ████████████████████████████████

███████████[1]

---

[1] ████████████████████████████████████████████████████████████████████████████████████████

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

Plaintiff seeks to certify a class of every person who purchased one of the Products for personal, family or household use in Alaska, Arkansas, California, Connecticut, Delaware, the District of Columbia, Florida, Hawaii, Illinois, Massachusetts, Michigan, Missouri, New Jersey, New York, Rhode Island, Vermont, Washington and Wisconsin.  Each of these states' consumer protection statutes, like Connecticut's, imposes liability for representations that are both material and misleading to reasonable consumers, without the need to show either scienter or detrimental reliance by absent class members.  Since the misleading misrepresentations continue on the Products to the present day, and Defendant has acted on grounds generally applicable to the class, final injunctive and declaratory relief is appropriate as to the class as a whole.  Accordingly, the Court should certify the proposed Class under Rule 23(b)(2).

Courts routinely certify classes of purchasers of mislabeled consumer products.  *See, e.g.*, *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397 (S.D.N.Y. 2015) (labels on grass seed); *Ackerman v. Coca-Cola Co.*, No. 09 CV 395 DLI RML, 2013 WL 7044866 (E.D.N.Y. July 18, 2013) (report and recommendation) (beverage labels); *In re ConAgra Foods, Inc.,* No. CV 11-05379 MMM, 2015 WL 1062756 (C.D. Cal. Feb. 23, 2015) (labels on cooking oil); *Ebin v. Kangadis Food Inc.,* 297 F.R.D. 561, 564 (S.D.N.Y. 2014) (labels on olive oil); *In re POM Wonderful*, No. ML 10–02199 DDP (RZx), 2012 WL 4490860, *1 (C.D. Cal. Sept. 28, 2012) (beverage labels); *Beck-Ellman v. Kaz USA, Inc.*, 283 F.R.D. 558, 564 (S.D. Cal. 2012) (labels on heating pads); *Zeisel v. Diamond Foods, Inc.*, No. C 10–01192 JSW, 2011 WL 2221113, *1 (N.D. Cal. Jun. 7, 2011) (food labels); *Chavez v. Blue Sky Natural Beverage Co.*, 268 F.R.D. 365, 369 (N.D. Cal. 2010) (beverage labels).  This court should do the same.

_____

███████████████████████████████████████████████████████

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

For these reasons, and the reasons set forth below, Plaintiff respectfully moves that this Court certify the proposed Class, appoint Plaintiff as the Representative of the Class and appoint Plaintiff's counsel as Counsel for the Class pursuant to Rule 23(g)(1).

## II.     PLAINTIFF HAS SATISFIED RULE 23(a)

### A.  The Class is Sufficiently Numerous

Rule 23(a)(1) requires the class to be "so numerous that joinder of all members is impracticable."  "To establish that a 'class is so numerous that joinder of all members is impracticable,' a plaintiff need not show that joinder is impossible."  *Banyai v. Mazur*, 205 F.R.D. 160, 163 (S.D.N.Y. 2002).  "Nor need the plaintiff know the exact number of class members."  *Id.* Rather, "[c]ertification is appropriate where the number of class members is sufficiently large so that joinder of all members would make litigation needlessly complicated and inefficient."  *Id.* Moreover, "evidence of exact class size or identity of class members is not required, and the court may rely on reasonable inferences drawn from available facts."  *Kaye v. Amicus Mediation & Arbitration Grp., Inc.,* 300 F.R.D. 67, 78 (D. Conn. 2014) (internal quotations and citations omitted).

Numerosity is easily satisfied with respect to both the class (as well as for any state subclasses the Court may deem to be appropriate), as Defendant sold ███████████ units of the Products in the jurisdictions at issue here, including ██████ units in the State of Connecticut. Veno Decl., at ¶ 2.  Although not each sale represents a discrete Class member, the only reasonable inference is that there are at least tens of thousands of class members, if not hundreds of thousands.  Since "[t]he Second Circuit has held that a prospective class of forty or more raises a presumption of numerosity," numerosity is easily satisfied. *LaFlamme v. Carpenters Local #370 Pension Plan,* 212 F.R.D. 448, 452 (N.D.N.Y. 2003) (citing *Consol. Rail Corp. v.*

4

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

*Town of Hyde Park,* 47 F.3d 473, 483 (2d Cir. 1995)); *see also Thompson v. Linvatec Corp.,* No. 06-0404, 2007 WL 1526418, at *4 (N.D.N.Y. May 22, 2007); *In re Polaroid ERISA Litig.,* 240 F.R.D. 65, 74 (S.D.N.Y. 2006).

### B.   There are Common Questions of Law or Fact

Rule 23(a)(2) (known as "commonality") requires that a plaintiff show that "there are questions of law or fact common to the class." *Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541, 2550-51 (2011).  To meet this standard, the plaintiff must demonstrate the claims of the class "depend upon a common contention."  *Id.* at 2551; *see also Sykes v. Mel S. Harris & Associates LLC,* 780 F.3d 70, 84 (2d Cir. 2015) (same).  The "common contention" "must be of such a nature that is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart,* 131 S. Ct. at 2551.  However, the commonality requirement does not require that the common elements resolve each element of each claim. *Sykes,* 780 F.3d at 86.  Moreover, while Plaintiff is required to demonstrate the existence of common questions of law or fact to establish commonality, she is *not* required to establish that the answers to those common questions will be favorable to the Class. *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1191 (2013); *Mahon v. Chicago Title Ins. Co.,* 296 F.R.D. 63, 73 (D. Conn. 2013).

Plaintiff's claims depend upon several "common contentions" which are "capable of classwide resolution," and the resolution of each of those "common contentions" will resolve "an issue that is central to the validity of each" class member's claims "at one stroke." *Wal-Mart,* 131 S. Ct. at 2551.  Specifically, under the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn Gen. Stat. § 42-110a *et seq.*, and under the analogous laws of each of the other states in the Class, Plaintiff's common contentions are (a) that the representations on the Products' labels indicating

5

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

that they contain "100% naturally sourced sunscreen ingredients" that provide "natural protection" constitute representations to a reasonable consumer that the Products contain only natural ingredients; (b) that the "naturalness" of the Products would be material to reasonable consumers; and (c) that the Products in fact contain synthetic ingredients. The existence of these many "common contentions" clearly satisfy the commonality requirement of Rule 23(a)(2).

### 1.  The Representations are Common to the Class

Plaintiff's claims center around Defendant's representation that the Products contain "100% naturally sourced sunscreen ingredients" that provide "natural protection."   Second Amended Class Action Complaint [ECF No. 29], at ¶ 2.   These same representations were prominently made on the front label of each of the Products, which also represented that they were "sunscreen" or "sunblock," during the entire Class Period.[2]  Thus, there is no question that all members of the Class purchased Products that bore the same representation – that each Product contains "100% naturally sourced sunscreen ingredients" that provide "natural protection."   The representation is, therefore, common to the class and commonality is satisfied. *See In re U.S. Foodservice Inc. Pricing Litig.,* 729 F.3d 108, 118 (2d Cir. 2013) ("fraud claims based on uniform misrepresentations to all members of a class are appropriate subjects for class certification because,

[2]



REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

unlike fraud claims in which there are material variations in the misrepresentations made to each class member, uniform misrepresentations create no need for a series of mini-trials.") (internal quotations and citations omitted); *Ebin,* 297 F.R.D. at 565 (commonality met "where the individual circumstances of class members differ but their 'injuries derive from'" a unitary course of action) (*quoting Marisol A. v. Giuliani,* 126 F.3d 372, 377 (2d Cir. 1997)); *accord, Ackerman*, 2013 WL 7044866, at *10.

## 2. Whether the Representations Are False or Misleading to a Reasonable Consumer is a Common Question

Plaintiff's claim that the common representation was false or misleading to a reasonable consumer is based on the claim that the Product formulas were not "natural" as advertised, but in fact were composed of numerous synthetic ingredients. ████████████ ███████

███████████████████████████

Whether Defendant's representations were false or misleading is judged by the objective "reasonable consumer" standard, rather than whether any particular individual was in fact misled. *See, e.g., Caldor, Inc. v. Heslin,* 215 Conn. 590, 597 (1990) (reasonable consumer test); *see also Suisman, Shapiro, Wool, Brennan, Gray & Greenberg, P.C. v. Suisman,* No. 3:04-cv-745 (JCH), 2006 WL 387289, at * 13 (D. Conn. Feb. 15, 2006) (same). Indeed, in a case such as this, liability flows from the common fact that a "misrepresentation is by definition prone to deceive." *Brown v. Hain Celestial Grp., Inc.*, No. 11-CV-03082-LB, 2015 WL 3398415, at *7 (N.D. Cal. May 26, 2015).[3] Whether a "reasonable consumer" would be misled by Defendant's misrepresentations is a question that can be resolved through evidence common to the Class. *In re Scotts EZ Seed Litig.,* 304 F.R.D. at 405 ("A common question with respect to the second theory of liability is whether

---

[3] As discussed below, all of the states in the Class use an objective "reasonable consumer" test to determine whether a representation is false or misleading. Veno Decl. Exh. B.

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

the [label] claim is false and/or misleading. The answer to this question is common to all class members, and is apt to drive the resolution of this litigation."); *Ellis v. Gen. Revenue Corp.,* 274 F.R.D. 53, 61 (D. Conn. 2011) ("the important common factual issue is the content of the letters GRC sent, and the central common legal issue is whether that language is actionable under FDCPA and CUTPA."); *Ackerman v. Coca-Cola Co.*, No. 09 CV 395 DLI RML, 2013 WL 7044866, at *10 (E.D.N.Y. July 18, 2013) (commonality satisfied by common question of whether beverage product name was misleading or deceptive to a reasonable consumer); *Ebin,* 297 F.R.D. at 565 (commonality requirement satisfied where injuries  "all derive from the alleged misrepresentation of what is pomace as 100% Pure Olive Oil, which would arguably violate all the varying state requirements.").

Plaintiff presents substantial evidence confirming that Defendant's representations were false or misleading to reasonable consumers.  Plaintiff testified that she was misled by Defendant's misrepresentation, which led her to believe that the product contained only natural ingredients. Veno Decl. Exh. C ("Langan Dep.") at 72:19-73:1 ("…I assumed everything was natural").  In addition to Plaintiff's testimony concerning her own experience, Plaintiff's expert, Dr. Elizabeth Howlett, conducted a survey of over 2000 consumers, which revealed that ***over 89 percent*** of respondents believed that the Products were all natural after having reviewed the labels. Veno Decl. Exhibit F ("Howlett Report") at ¶¶ 15, 28, 40, 41.  Courts have found liability based on considerably less evidence of consumer confusion.  *See, e.g., Merck Eprova AG v. Brookstone Pharm., LLC,* 920 F. Supp. 2d 404, 420 (S.D.N.Y. 2013) (finding liability under the Lanham Act after finding sufficient evidence of consumer confusion based in part on survey showing that 21 percent of one target audience and 11 percent of another were confused by challenged label representations).   And indeed, such surveys are often the best extrinsic evidence of whether

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

consumers are misled by company representations.  *LG Electronics U.S.A., Inc. v. Whirlpool Corp.,* 661 F. Supp. 2d 940, 950 (N.D. Ill. 2009) (noting that "the Federal Trade Commission policy that '[t]he most convincing extrinsic evidence is a survey of what consumers thought upon reading the advertisement in question.'") (quoting *Kraft, Inc. v. F.T.C.,* 970 F.2d 311, 318 (7th Cir.1992)).

### 3.   Whether the Representations are Material is Common

To state a claim under CUTPA and the state statutes at issue here (with the exception of the New Jersey statute), Defendant's representations must have been material to reasonable consumers – that is, the representations drive purchasing decisions.  *See, e.g., Caldor,* 215 Conn. at 597 ("the misleading representation  . . . must be material – that is, likely to affect consumer decisions or conduct.").   As the Supreme Court has held in an analogous context, "[b]ecause materiality is judged according to an objective standard, the materiality of [Defendant's] alleged misrepresentations and omissions is a question common to all members of the class [Plaintiff] would represent. The alleged misrepresentations and omissions, whether material or immaterial, would be so equally for all" class members.  *Amgen,* 133 S. Ct. at 1191.

██████████████████████████████████████████████████████████

██████████████████████████████████████████████  As the California Supreme Court noted, "[s]imply stated: labels matter. The marketing industry is based on the premise that labels matter, that consumers will choose one product over another similar product based on its label and various tangible and intangible qualities they may come to associate with a particular source."  *Kwikset Corp. v. Superior Court,* 51 Cal. 4th 310, 328, 246 P.3d 877, 889 (2011).

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████   Thus, common evidence will establish that the representations were material to a

reasonable consumer.  Even were Defendant to contest this, however, it would not affect whether

the class should be certified.  "[T]he plaintiff class's inability to prove materiality would not result

in individual questions predominating. Instead, a failure of proof on the issue of materiality would

end the case, given that materiality is an essential element of the class members' . . . claims."

*Amgen,* 133 S. Ct. at 1191.

### C.    Plaintiff's Claims are Typical of the Claims or Defenses of the Class

Plaintiff has satisfied Rule 23(a)(3), which requires the representative party have claims

that are "typical of the claims or defenses of the class."  This requirement is satisfied "when each

class member's claim arises from the same course of events and each class member makes similar

legal arguments to prove the defendant's liability." *Mahon v. Chicago Title Ins. Co.,* 296 F.R.D.

at 74.  Moreover, "[w]hen it is alleged that the same unlawful conduct was directed at or affected

both the named plaintiff and the class sought to be represented, the typicality requirement is

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

usually met irrespective of minor variations in the fact patterns underlying individual claims."

*Id.* (citing *Robidoux v. Celani,* 987 F.2d 931, 936–37 (2d Cir. 1993) and *Robinson v. Metro–North Commuter R.R. Co.,* 267 F.3d 147, 155 (2d Cir. 2001)).

Plaintiff's claims are typical of the claims of all Class members. Plaintiff, like all Class Members, was exposed to the same misrepresentation by Defendant because Plaintiff purchased one of the Products with a Product label that falsely represented that the Product contained "100% naturally sourced sunscreen ingredients" that provide "natural protection."  Langan Dep. at 63:17-66:18.   Moreover, Plaintiff, like all Class Members, purchased Products that, contrary to Defendant's misrepresentations, ██████████████████████ ████████████████

██  And, like all Class Members, Plaintiff suffered an ascertainable loss as a result of Defendant's conduct because she paid a premium for the Products compared to comparable products that did not purport to be natural.   Langan Dep. at 97:11-97:23; ████████ ████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

Accordingly, Plaintiff's claims are typical of the proposed Classes within the meaning of Rule 23(a)(3).

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

     **D.**     **The Named Plaintiff Will Fairly and Adequately Protect the Interests of the Class**

Plaintiff will "fairly and adequately protect the interests of the class" under Rule 23(a)(4). This inquiry focuses on "whether: 1) plaintiff's interests are antagonistic to the interests of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 222 F.3d 52, 60 (2d Cir. 2000); *see also Sykes,* 780 F.3d at 90 (reaffirming *Baffa*).   Indeed, the Second Circuit has held that the adequacy requirement is satisfied with respect to the lead plaintiff in this kind of consumer case unless "plaintiff's interests are antagonistic to the interest of other members of the class" and the conflict is "fundamental." *In re Flag Telecom Holdings, Ltd. Sec. Litig.,* 574 F.3d 29, 35 (2d Cir. 2009); *see also Zyburo v. NCSPlus, Inc.,* 44 F. Supp. 3d 500, 503 (S.D.N.Y. 2014) (quoting *Flag Telecom*).

Plaintiff has no conflicts with the Class, much less "fundamental" ones, and has demonstrated that she will vigorously prosecute this litigation on behalf of the Class, both by her participation in the discovery process (including sitting for a deposition), and because she retained attorneys with significant class action experience.  Plaintiff's counsel have significant experience in complex class action litigation. *See* Veno Decl., Exh. A.  Moreover, Plaintiff's counsel have already demonstrated their willingness to prosecute this litigation vigorously through their investigation of the claims in this action, their drafting of the initial and amended complaints, their opposition to Defendant's Motion to Dismiss, the significant discovery conducted to date, their retention of a highly qualified expert to address an important element of Plaintiff's claims and the

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

filing of this Motion for Class Certification. For these reasons, the adequacy requirement is satisfied.[4]

## III.    PLAINTIFF HAS SATISFIED RULE 23(b)(2)

In addition to the requirements of Rule 23(a), a plaintiff seeking to certify a class must meet the requirements of at least one of the subparts of Rule 23(b).  Here, Plaintiff seeks to certify an injunction and declaratory judgment class under Rule 23(b)(2).

The requirements of Rule 23(b)(2) are easily met in this case.  The rule simply requires Plaintiff to show that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2).  Plaintiff claims that the labels on Defendant's products are materially false and misleading.  The labels were present on every one of the Products that was purchased by each and every member of the proposed class; accordingly, Defendant has "acted" in a manner that "appl[ies] generally to the class."  Moreover, Defendant is continuing to sell the Products with the false and misleading labels.  Plaintiff seeks a declaration that the label claims were, and are, materially false and misleading, and an injunction requiring Defendant to cease its use of the deceptive claims.  The requested relief would inure to the benefit of all members of the class, as well as to all future consumers.  Plaintiff made clear in her deposition that her goal in this lawsuit is to change in the Products' labeling.  *See* Langan Dep. 56:8-56:13 ("Q: What is it that you hope to achieve in these lawsuits? A: That they change the name. Q: Change what name? A: Don't claim that it's 100 percent natural if it's not.").

---

[4] For these same reasons, Rule 23(g) has been satisfied, and the Court should appoint Izard Nobel LLP as Lead Counsel pursuant to Rule 23(g)(1).

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

As the Supreme Court has stated, "[t]he key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541, 2557 (2011) (internal citations and quotations omitted). That is precisely the situation here:  Defendant's labels either violate statutory prohibitions on false and misleading advertising or they don't; if the former, the label representations "can be enjoined or declared unlawful only as to all of the class members or as to none of them." As noted in a similar case challenging "all natural" claims by a beverage company, this is exactly the type of case where 23(b)(2) certification is appropriate:

> This case exemplifies the kind of action that may be appropriate for certification under Rule 23(b)(2), at least insofar as plaintiffs request: (1) declaratory relief that the alleged practices are unlawful, and (2) injunctive relief prohibiting defendants from continuing them. *See Dukes,* 603 F.3d at 571. Those requests can be satisfied with "indivisible" equitable relief that benefits all class members at once, as the Rule suggests.

*Ries v. Arizona Beverages USA LLC,* 287 F.R.D. 523, 541 (N.D. Cal. 2012); *see also Ackerman,* 2013 WL 7044866, at *16-*17 (report and recommendation that 23(b)(2) class be certified in consumer protection case seeking label change on beverages); *Jermyn v. Best Buy Stores, L.P.,* 256 F.R.D. 418, 434 (S.D.N.Y. 2009) (certifying 23(b)(2) class seeking to enjoin retailer's deceptive advertising).  Accordingly, the Court should certify a Rule 23(b)(2) class for purposes of declaratory and injunctive relief.

## IV.   THE CLASS IS ASCERTAINABLE

Although not specified in the Federal Rules, courts in the Second Circuit impose an additional requirement that plaintiff define the class in such a way that it can be ascertained.  The requirement "is not a demanding one, but is designed only to prevent the certification of a class whose membership is truly indeterminable." *Shady Grove Orthopedic Associates, P.A. v. Allstate*

14

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

*Ins. Co.,* 293 F.R.D. 287, 299 (E.D.N.Y. 2013) (internal quotations and citations omitted).  As this Court has stated, "[a]n identifiable class exists if its members can be ascertained by reference to objective criteria. That is, the class description must be sufficiently definite so that it is administratively feasible for the [c]ourt to determine whether a particular individual is a member of the proposed class."  *Kaye v. Amicus Mediation & Arbitration Grp., Inc.,* 300 F.R.D. 67, 77 (D. Conn. 2014) (internal quotations and citations omitted).

Plaintiff seeks to certify a class of every person who purchased one of the Products for personal, family or household use in Alaska, Arkansas, California, Connecticut, Delaware, the District of Columbia, Florida, Hawaii, Illinois, Massachusetts, Michigan, Missouri, New Jersey, New York, Rhode Island, Vermont, Washington and Wisconsin during a specified time period. The criteria for membership in the Class – purchase of the products for personal use within the specified time period – is clearly objective, and nothing more is required.  *See, e.g., In re Scotts EZ Seed Litig.,* 304 F.R.D. at 407-08 (proposed class of purchasers of defendant's products "is sufficiently specific to satisfy the ascertainability requirement."); *Ackerman,* 2013 WL 7044866, at *15-*16 (ascertainability satisfied where class consisted of purchasers of consumer good within specified time period); (*Mullins v. Direct Digital, LLC*, No. 15-1776, 2015 WL 4546159, at *9 (7th Cir. July 28, 2015) (ascertainability satisfied in consumer class action where plaintiff's proposed  class was defined by reference to objective criteria – persons who purchased a particular product with a particular label during a defined period and in a specified locale); *Forcellati v. Hyland's, Inc.,* No. CV 12-1983-GHK MRWX, 2014 WL 1410264, at *5 (C.D. Cal. Apr. 9, 2014) (ascertainability requirement satisfied where "Plaintiffs have precisely defined their class based on an objective criteria: purchase of Defendants' children's cold or flu products within a prescribed time frame"); *McCrary v. Elations Co.,* No. EDCV 13-00242 JGB OP, 2014 WL 1779243, at *7

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

(C.D. Cal. Jan. 13, 2014) (finding a proposed class of individuals who purchased an over-the-counter supplement bearing the claim "clinically-proven" was ascertainable).   Accordingly, Plaintiff has properly defined an objectively ascertainable class.

## V.   CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests the Court certify the Class described herein, appoint Plaintiff as class representative, and appoint Lead and Liaison Class Counsel as indicated in the proposed order.

Dated:  August 14, 2015                          Respectfully submitted,

                                                 **IZARD NOBEL LLP**
                                                 MARK P. KINDALL
                                                 ROBERT A. IZARD
                                                 NICOLE A. VENO

                                  By:            */s/*Mark P. Kindall
                                                 Mark P. Kindall (Bar No. ct13797)
                                                 29 South Main Street, Suite 305
                                                 West Hartford, CT 06107
                                                 Telephone: (860) 493-6292
                                                 Facsimile: (860) 493-6190
                                                 mkindall@izardnobel.com
                                                 rizard@izardnobel.com
                                                 nveno@izardnobel.com

                                                 Joseph J. DePalma
                                                 Katrina Carroll
                                                 **LITE DEPALMA GREENBERG, LLC**
                                                 Two Gateway Center, 12th Floor
                                                 Newark, New Jersey 07102
                                                 Telephone: (973) 623-3000
                                                 Facsimile: (973) 623-0858
                                                 jdepalma@litedepalma.com
                                                 kcarroll@litedepalma.com

16

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

Michael A. Laux
**LAW OFFICE OF MICHAEL A. LAUX**
8 Myrtle Avenue
Westport, CT 06880
Telephone: (203) 226-3392
Facsimile: (203) 222-8023
mlaux@lauxlaw.com

*Counsel for Plaintiff*

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of August, 2015, a true and correct copy of this

Memorandum of Law in Support of Plaintiff's Motion for Class Certification has been served by

electronic mail on counsel for Defendant, as follows:

    Harold P. Weinberger (hweinberger@kramerlevin.com)
    Eileen M. Patt (epatt@kramerlevin.com)
    Wystan M. Ackerman (wackerman@rc.com)


                                                    /s/ Nicole A. Veno
                                                    Nicole A. Veno

18