**EXHIBIT B**

Similarities in Select State Consumer Laws

Overview:  Similarity of State Consumer Laws

| | FL | MI | WI | AR | CA | CT | DE | IL | MA | MO | RI | VT | WA | NJ | AK | DC | HA | NY |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Private Right of Action for Deceptive Trade Practices | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y |
| Intent to Deceive not required | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y |
| Class Action Allowed | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y |
| Material Misrepresentation Sufficient | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y |
| Actual Damages Recoverable | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y |
| Statutory minimum and/or multiple damages automatic | N | N | N | N | N | N | N | N | N | N | N | N | N | Y | Y | Y | Y | Y |
| Punitive/exemplary damages with additional showing | N | N | N | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | N | Y | Y | Y | Y |
| Limitations Period 3 years or more | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | N (2) | Y | Y | Y |

| ALASKA | |
|---|---|
| **Statute** | Alaska Stat. Ann. § 45.50.471. Unlawful acts and practices<br><br>(a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce are declared to be unlawful.<br>(b) The terms "unfair methods of competition" and "unfair or deceptive acts or practices" include, but are not limited to, the following acts:<br>. . .<br>(4) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have;<br>. . .<br>(6) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; |
| **Cause of Action/Remedies** | Alaska Stat. Ann. § 45.50.531 (West)<br>A person who suffers an ascertainable loss of money or property as a result of another person's act or practice declared unlawful by AS 45.50.471 may bring a civil action to recover for each unlawful act or practice three times the actual damages or $500, whichever is greater. The court may provide other relief it considers necessary and proper.<br><br>*Kenai Chrysler Ctr., Inc. v. Denison,* 167 P.3d 1240, 1259 n.65, 1260 (Alaska 2007):<br>[T]he 1998 amendment to Alaska's UTPA . . . makes treble damages mandatory for violations of the UTPA.<br><br>[A] separate award of punitive damages for willful or reckless misconduct neither duplicates nor conflicts with an award for treble damages under subsection .531(a). |
| **Elements** | *Borgen v. A & M Motors, Inc.,* 273 P.3d 575, 590 (Alaska 2012):<br>As we noted in *ASRC Energy Services Power & Communications, LLC v. Golden Valley Electric Ass'n, Inc.,* the Federal Trade Commission announced a modified standard for a deceptive act or practice subsequent to our decision in *O'Neill Investigations:* "[F]irst, there is a representation, omission, or practice that, second, is likely to mislead consumers acting reasonably under the circumstances, and third, the representation, omission, or practice is material." We concluded in *ASRC Energy* that this was not an appreciable change from the standard that we adopted in *O'Neill:* To show deception under the FTC Act, intent, scienter, actual reliance or damages, and even actual deception are unnecessary. All that is it required is proof that a practice has a tendency or capacity (or, under the FTC's latest formulation, is likely) to deceive even a significant minority of consumers.<br><br>*Kenai Chrysler Ctr., Inc. v. Denison,* 167 P.3d 1240, 1255 (Alaska 2007)<br>As a general matter, a prima facie case of unfair or deceptive acts or practices under the UTPA requires proof of two elements: "(1) that the defendant is engaged in trade or commerce; and (2) that in the conduct of trade or commerce, an unfair act or practice has occurred." |

| Statute of Limitations | Alaska Stat. Ann. § 45.50.531(f). Private and class actions |
|---|---|
| |     A person may not commence an action under this section more than two years after the person discovers or reasonably should have discovered that the loss resulted from an act or practice declared unlawful by AS 45.50.471. |

| ARKANSAS | |
|---|---|
| **Statute** | Ark. Code Ann. § 4-88-107. Deceptive and unconscionable trade practices<br> (a) Deceptive and unconscionable trade practices made unlawful and prohibited by this chapter include, but are not limited to, the following:<br>. . .<br>(10) Engaging in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade; |
| **Cause of Action/Remedies** | Ark. Code Ann. § 4-88-113(f)  (West)<br>     Any person who suffers actual damage or injury as a result of an offense or violation as defined in this chapter has a cause of action to recover actual damages, if appropriate, and reasonable attorney's fees.<br><br>Ark. Code Ann. § 4-88-204. Civil action by harmed person<br>     An elder or disabled person who suffers damage or injury as a result of an offense or violation described in this chapter has a cause of action to recover actual damages, punitive damages, if appropriate, and reasonable attorney's fees. Restitution ordered pursuant to this section has priority over a civil penalty imposed pursuant to this subchapter.<br><br>Ark. Code Ann. § 4-88-203<br>     In determining whether to impose an enhanced civil penalty under this subchapter and the amount thereof, the court shall consider the extent to which one (1) or more of the following factors are present:<br>          (1) Whether the defendant's conduct was in disregard of the rights of the elder or disabled person;<br>          (2) Whether the defendant knew or should have known that the defendant's conduct was directed to an elder person or disabled person;<br>          (3) Whether the elder or disabled person was more vulnerable to the defendant's conduct because of age, poor health, infirmity, impaired understanding, restricted mobility, or disability than other persons and whether the elder or disabled person actually suffered substantial physical, emotional, or economic damage resulting from the defendant's conduct;<br>          (4) Whether the defendant's conduct caused an elder or disabled person to suffer any of the following:<br>               (A) Mental or emotional anguish;<br>               (B) Loss of or encumbrance upon a primary residence of the elder or disabled person;<br>               (C) Loss of or encumbrance upon the elder or disabled person's principal employment or principal source of income;<br>               (D) Loss of funds received under a pension or retirement plan or a government benefits program;<br>               (E) Loss of property set aside for retirement or for personal or family care and maintenance; or<br>               (F) Loss of assets essential to the health and welfare of the elder or disabled person; or<br>          (5) Any other factors the court deems appropriate. |
| **Elements** | The elements of such a cause of action are (1) a deceptive consumer-oriented act or practice which is misleading in a material respect, and (2) injury resulting from such act. *See* Ark.Code Ann. § 4–88–113(f). A private cause of action does not arise absent a showing of both a violation and resultant damages. *Wallis v. Ford Motor Co.,* 362 Ark. 317, 208 S.W.3d 153 (2005).<br><br>Skalla v. Canepari, 2013 Ark. 415, 14, 430 S.W.3d 72, 82 (2013), reh'g denied (Dec. 5, 2013). |

|  | *Curtis Lumber Co., Inc. v. Louisiana Pac. Corp.*, 618 F.3d 762, 779 (8th Cir. 2010), on matter of first impression, held that "claims pursuant to Arkansas Code §§ 4–88–107(a)(10) and 4–88–108(2) do not require knowing or intentional deception," and found that Arkansas would likely interpret its statute consistent with the FTC and other states, requiring only "conduct that is likely to deceive a consumer acting reasonably under similar circumstances." |
|---|---|
| **Statute of Limitations** | Ark. Code Ann. § 4-88-115 (West)<br>   Any civil action brought to enforce the provisions of this chapter may be brought in any court of competent jurisdiction in this state during a period of five (5) years commencing on the date of the occurrence of the violation or the date upon which the cause of action arises. |

| CALIFORNIA | |
|---|---|
| **Statute** | Cal. Civ. Code § 1770 (West)<br><br>(a) The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:<br>…<br>(2) Misrepresenting the source, sponsorship, approval, or certification of goods or services.<br>…<br>(5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have.<br>…<br>(7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. |
| **Cause of Action/Remedies** | Cal. Civ. Code § 1780 (West)<br><br>(a) Any consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action against that person to recover or obtain any of the following:<br>(1) Actual damages, but in no case shall the total award of damages in a class action be less than one thousand dollars ($1,000).<br>(2) An order enjoining the methods, acts, or practices.<br>(3) Restitution of property.<br>(4) Punitive damages.<br>(5) Any other relief that the court deems proper.<br>(b)(1) Any consumer who is a senior citizen or a disabled person, as defined in subdivisions (f) and (g) of Section 1761, as part of an action under subdivision (a), may seek and be awarded, in addition to the remedies specified therein, up to five thousand dollars ($5,000) where the trier of fact does all of the following:<br>(A) Finds that the consumer has suffered substantial physical, emotional, or economic damage resulting from the defendant's conduct.<br>(B) Makes an affirmative finding in regard to one or more of the factors set forth in subdivision (b) of Section 3345.<br>(C) Finds that an additional award is appropriate.<br>(2) Judgment in a class action by senior citizens or disabled persons under Section 1781 may award each class member that additional award if the trier of fact has made the foregoing findings.<br><br>*Spinks v. Equity Residential Briarwood Apartments,* 171 Cal. App. 4th 1004, 1052, 90 Cal. Rptr. 3d 453, 491 (2009):<br>Exemplary or punitive damages are not recoverable as matter of right. . . . they may be awarded only where there is some evidence of fraud, malice, express or implied, or oppression. |

| Elements | *Massachusetts Mut. Life Ins. Co. v. Superior Court,* 97 Cal. App. 4th 1282, 1292, 119 Cal. Rptr. 2d 190 (2002)<br><br>    [P]laintiffs in a CLRA action [must] show not only that a defendant's conduct was deceptive but that the deception caused them harm. . . . plaintiffs satisfy their burden of showing causation as to each by showing materiality as to all.<br><br>In re Tobacco II Cases, 46 Cal. 4th 298, 327, 207 P.3d 20, 39 (2009)<br>A misrepresentation is judged to be 'material' if 'a reasonable man would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question'<br><br>*Chamberlan v. Ford Motor Co.*, 369 F. Supp. 2d 1138, 1144 (N.D. Cal. 2005) (rejecting argument that plaintiff must show intent to deceive) |
|---|---|
| **Statute of Limitations** | Cal. Civ. Code § 1783 (West)<br>    Any action brought under the specific provisions of Section 1770 shall be commenced not more than three years from the date of the commission of such method, act, or practice. |

| CONNECTICUT | |
|---|---|
| **Statute** | Conn. Gen. Stat. Ann. § 42-110b(a) (West)<br>    No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. |
| **Cause of Action/Remedies** | Conn. Gen. Stat. Ann. § 42-110g(a)<br>    Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action in the judicial district in which the plaintiff or defendant resides or has his principal place of business or is doing business, to recover actual damages. . . . The court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper.<br><br>*Ulbrich v. Groth*, No. 18815, 2013 WL 5883685 (Conn. Nov. 12, 2013):<br>    In order to award punitive or exemplary damages, evidence must reveal a reckless indifference to the rights of others or an intentional and wanton violation of those rights.... In fact, the flavor of the basic requirement to justify an award of punitive damages is described in terms of wanton and malicious injury, evil motive and violence. |
| **Elements** | *Einbinder v. Petro, Inc.,* AANCV116005353S, 2012 WL 1139032 (Conn. Super. Ct. Mar. 9, 2012) (quoting *Caldor, Inc. v. Heslin,* 215 Conn. 590, 597, 577 A.2d 1009 (1990)):<br>    "First, there must be a representation, omission, or other practice likely to mislead consumers. Second, the consumers must interpret the message reasonably under the circumstances. Third, the misleading representation, omission, or practice must be material—that is, likely to affect consumer decisions or conduct."<br><br>*Artie's Auto Body, Inc. v. Hartford Fire Ins. Co.,* 287 Conn. 208, 218, 947 A.2d 320, 330 (2008)<br>to be entitled to any relief under CUTPA, a plaintiff must first prove that he has suffered an ascertainable loss due to a CUTPA violation.<br><br>Conn. Gen. Stat. Ann. § 42-110a(4)<br>"Trade" and "commerce" means the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state.<br><br>*Associated Investment Co. Ltd. Partnership v. William Associates IV,* 230 Conn. 148, 158, 645 A.2d 505 (1994):<br>    CUTPA embraces a broader standard of conduct more flexible than traditional common law claims and does not require proof of intent to deceive, to mislead or to defraud.<br><br>*Trimani v. Grand Contractors, LLC,* MMXCV126008427S, 2013 WL 5780784 (Conn. Super. Ct. Oct. 1, 2013) (*quoting Associated Investment Co. Ltd. Partnership v. Williams Associates IV,* 230 Conn. 148, 158 (1994):<br>    [I]it is well established that "[t]he CUTPA plaintiff need not prove reliance or that the representation became part of the basis of the bargain." |
| **Statute of Limitations** | Conn. Gen. Stat. Ann. § 42-110g(f) (West)<br>    An action under this section may not be brought more than three years after the occurrence of a violation of this chapter. |

| DELAWARE | |
|---|---|
| **Statute** | Del. Code Ann. tit. 6, § 2513(a) (West)<br><br>The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale, lease or advertisement of any merchandise, whether or not any person has in fact been misled, deceived or damaged thereby, is an unlawful practice. |
| **Cause of Action/Remedies** | *Smith v. Peninsula Adjusting Co., Inc.*, CIV.A.09C-03-024 RBY, 2011 WL 2791252 (Del. Super. June 16, 2011)<br><br>A private cause of action may be brought by a consumer under the Act to recover for losses suffered as a result of fraud or deception under 6 Del. C. § 2513.<br><br>*Young v. Joyce,* 351 A.2d 857, 859 (Del. 1975)<br><br>We believe that this section manifests a clear legislative intent that a consumer who has been damaged by a violation of s 2513 may assert a private cause of action for 'statutory fraud' practiced against him, and we so hold.<br><br>*Crosse v. BCBSD, Inc.,* 836 A.2d 492, 497 (Del. 2003) ("As this Court has noted, damages are the 'traditional remedy' for violations of the Consumer Fraud Act") (quoting *Grand Ventures, Inc. v. Whaley*, 632 A.2d 63, 70 (Del. 1993).<br><br>*Stephenson v. Capano Dev., Inc.,* 462 A.2d 1069, 1076-77 (Del. 1983)<br><br>If the fraud is gross, oppressive, or aggravated, or where it involves breach of trust or confidence, the plaintiff may recover punitive damages whether he sues in tort or under the consumer fraud statute. |
| **Elements** | *Stephenson v. Capano Dev., Inc.,* 462 A.2d 1069, 1074 (Del. 1983)<br><br>The defendant need not have intended to misrepresent or to make a deceptive or untrue statement. 306 A.2d at 29. Instead, the only intent requirement of the Act is that in omitting or concealing a material fact, the defendant must have intended that others rely on the omission or concealment. *Id;* 6 *Del.C.* § 2513(a). Second, the plaintiff traditionally had to demonstrate that he reasonably or justifiably relied on the defendant's statements. *E.g., Nye Odorless Incinerator Corp.,* 162 A. at 510; Restatement (Second) of Torts § 537(b) (1977). An unlawful practice under section 2513(a), however, is committed regardless of actual reliance by the plaintiff. |
| **Statute of Limitations** | *Farm Family Cas. Co. v. Cumberland Ins. Co., Inc.*, K11C-07-006 JTV, 2013 WL 5488656 (Del. Super. Oct. 2, 2013) ("Consumer Fraud Act claims governed by the three year statute of limitations set forth in 10 *Del. C.* § 8106") (internal citations and quotations omitted). |

| DISTRICT OF COLUMBIA | |
|---|---|
| **Statute** | D.C. Code § 28-3904<br><br>It shall be a violation of this chapter, whether or not any consumer is in fact misled, deceived or damaged thereby, for any person to:<br>(a) represent that goods or services have a source, sponsorship, approval, certification, accessories, characteristics, ingredients, uses, benefits, or quantities that they do not have;<br>[…]<br>(d) represent that goods or services are of particular standard, quality, grade, style, or model, if in fact they are of another; |
| **Cause of Action/Remedies** | D.C. Code § 28-3905(k)<br>(1)(A) consumer may bring an action seeking relief from the use of a trade practice in violation of a law of the District.<br>. . .<br>(2) Any claim under this chapter shall be brought in the Superior Court of the District of Columbia and may recover or obtain the following remedies:<br>(A) Treble damages, or $1,500 per violation, whichever is greater, payable to the consumer;<br>(B) Reasonable attorney's fees;<br>(C) Punitive damages;<br>(D) An injunction against the use of the unlawful trade practice;<br>(E) In representative actions, additional relief as may be necessary to restore to the consumer money or property, real or personal, which may have been acquired by means of the unlawful trade practice; or<br>(F) Any other relief which the court determines proper.<br><br>*Dist. Cablevision Ltd. P'ship v. Bassin,* 828 A.2d 714, 729 (D.C. 2003) ("[o]nce it is established that a consumer [has] suffered any damage, the CPPA authorizes courts to treble damages without further findings.'") (quoting *Williams v. First Gov't Mortg. and Investors Corp.*, 225 F.3d 738, 745 (2000)).<br><br>*Dist. Cablevision Ltd. P'ship v. Bassin,* 828 A.2d 714, 725-26 (D.C. 2003)<br>[I]n the absence of "gross fraud" or comparable wrongdoing, proof of even intentional misrepresentation may not suffice to justify punitive damages. |
| **Elements** | *Grayson v. AT & T Corp.,* 15 A.3d 219, 251 (D.C. 2011)<br>We have said with respect to §§ 28–3904(e) and (f) that a person bringing suit under these sections "need not allege or prove intentional misrepresentation or failure to disclose to prevail on a claimed violation...." *Fort Lincoln Civic Ass'n, Inc v. Fort Lincoln New Town Corp.* We explained that "§ 28–3904(e) and (f) describe simple misrepresent[ation] as to a material fact which has a tendency to mislead and fail[ure] to state a material fact if such failure tends to mislead."<br><br>Pearson v. Chung, 961 A.2d 1067, 1075 (D.C. 2008)<br>"[A] claim of an unfair trade practice is properly considered in terms of how the practice would be viewed and understood by a reasonable consumer" |

| Statute of Limitations | *Dist. Cablevision Ltd. P'ship v. Bassin*, 828 A.2d 714, 718 (D.C. 2003) |
|---|---|
| | We agree as well with the trial court's ruling that the plaintiffs' action was governed by a three-year statute of limitations. |

| FLORIDA | |
|---|---|
| **Statute** | Fla. Stat. Ann. § 501.204 (West)<br>(1) Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.<br>(2) It is the intent of the Legislature that, in construing subsection (1), due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to s. 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. s. 45(a)(1) as of July 1, 2013. |
| **Cause of Action/Remedies** | Fla. Stat. Ann. § 501.211(2) (West)<br>In any action brought by a person who has suffered a loss as a result of a violation of this part, such person may recover actual damages, plus attorney's fees and court costs as provided in § 501.2105. |
| **Elements** | *Gavron v. Weather Shield Mfg., Inc.,* 819 F. Supp. 2d 1297, 1302 (S.D. Fla. 2011) ("a deceptive act occurs when 'there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment.'"; and "the Act focuses on whether an act is deceptive, not whether a defendant knew that the allegedly violative conduct was occurring." ) (quoting *PNR, Inc. v. Beacon Prop. Mgmt., Inc.,* 842 So.2d 773, 777 (Fla.2003)).<br><br>*Toback v. GNC Holdings, Inc.,* 13-80526-CIV, 2013 WL 5206103 (S.D. Fla. Sept. 13, 2013)<br>Because Plaintiff has pleaded facts suggesting that the representations at issue would have deceived reasonable consumers . . . he has sufficiently alleged causation.<br><br>*Rosen v. J.M. Auto Inc.,* 270 F.R.D. 675, 688 (S.D. Fla. 2009) ("reliance is not an element of a FDUTPA claim"). |
| **Statute of Limitations** | Actions other than for recovery of real property shall be commenced ... [w]ithin four years ... [if][a]n action [is] founded on a statutory liability." Fla. Stat. § 95.11(3)(f) (2006) |

| HAWAII | |
|---|---|
| **Statute** | Haw. Rev. Stat. § 480-2 (West)<br>(a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful.<br>(b) In construing this section, the courts and the office of consumer protection shall give due consideration to the rules, regulations, and decisions of the Federal Trade Commission and the federal courts interpreting section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), as from time to time amended. |
| **Cause of Action/Remedies** | Haw. Rev. Stat. § 480-13 (West)<br>. . .<br>(b) Any consumer who is injured by any unfair or deceptive act or practice forbidden or declared unlawful by section 480-2:<br>    (1) May sue for damages sustained by the consumer, and, if the judgment is for the plaintiff, the plaintiff shall be awarded a sum not less than $1,000 or threefold damages by the plaintiff sustained, whichever sum is the greater, and reasonable attorney's fees together with the costs of suit; provided that where the plaintiff is an elder, the plaintiff, in the alternative, may be awarded a sum not less than $5,000 or threefold any damages sustained by the plaintiff, whichever sum is the greater, and reasonable attorney's fees together with the costs of suit. In determining whether to adopt the $5,000 alternative amount in an award to an elder, the court shall consider the factors set forth in section 480-13.5; and<br>    . . .<br>(c) The remedies provided in subsections (a) and (b) shall be applied in class action and de facto class action lawsuits or proceedings, including actions brought on behalf of direct or indirect purchasers; provided that:<br>    (1) The minimum $1,000 recovery provided in subsections (a) and (b) shall not apply in a class action or a de facto class action lawsuit;<br><br>Haw. Rev. Stat. § 480-13.5 (West)<br>(b) . . . the court shall consider the following:<br>    (1) Whether the person's conduct was in wilful disregard of the rights of the elder;<br>    (2) Whether the person knew or should have known that the person's conduct was directed toward or targeted an elder;<br>    (3) Whether the elder was more vulnerable to the person's conduct than other consumers because of age, poor health, infirmity, impaired understanding, restricted mobility, or disability;<br>    (4) The extent of injury, loss, or damages suffered by the elder; and<br>    (5) Any other factors the court deems appropriate.<br>(c) As used in this chapter, "elder" means a consumer who is sixty-two years of age or older. |
| **Elements** | *Courbat v. Dahana Ranch, Inc.,* 111 Haw. 254, 262, 141 P.3d 427, 435 (2006)<br>    [a] deceptive act or practice is "(1) a representation, omission, or practice[ ] that (2) is likely to mislead consumers acting reasonably under the circumstances [where] (3) [ ] the representation, omission, or practice is material.'" . . . . Moreover, the *Cliffdale Assocs.* test is an objective one, turning on whether the act or omission "is likely to mislead consumers . . .<br><br>*Yokoyama v. Midland Nat. Life Ins. Co.,* 594 F.3d 1087, 1092 (9th Cir. 2010) *citing Courbat,* 141 P.3d. at 435.<br>    Hawaii courts have interpreted the word "deceptive" to include those acts that mislead "consumers acting reasonably under the circumstances." |

| **Statute of Limitations** | Haw. Rev. Stat. § 480-24(a) (West)<br><br>Any action to enforce a cause of action arising under this chapter shall be barred unless commenced within four years after the cause of action accrues, except as otherwise provided in subsection (b) and section 480-22. For the purpose of this section, a cause of action for a continuing violation is deemed to accrue at any time during the period of the violation. |
| --- | --- |

| ILLINOIS | |
|---|---|
| **Statute** | 815 ILCS 505/2<br><br>Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, [815 ILCS 510/2] in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act<br><br>815 ILCS 510/2<br>Deceptive trade practices.<br>    (a) A person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, the person:<br>    …<br>    (2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;<br>    …<br>    (5) represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have;<br>    …<br>    (7) represents that goods or services are of a particular standard, quality, or grade or that goods are a particular style or model, if they are of another;<br>    …<br>    (12) engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding.<br><br>815 ILCS 510/5<br>This Act shall be construed to effectuate its general purpose to make uniform the law of those states which enact it. |
| **Cause of Action/Remedies** | 815 ILCS 505/10a<br>Action for actual damages.<br>    (a) Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper . . .<br><br>*Wendorf v. Landers,* 755 F. Supp. 2d 972, 981-82 (N.D. Ill. 2010)<br>Under Illinois law, punitive damages may be awarded for . . . violations of the ICFA based on unfair conduct in cases where the defendant acts maliciously or with deliberate indifference. See Dubey v. Pub. Storage, Inc., 395 Ill.App.3d 342, 335 Ill.Dec. 181, 918 N.E.2d 265, 277–80 (2009); 815 Ill. Comp. Stat. 505/10a(a). |

| Elements | *Fox v. Heimann,* 375 Ill. App. 3d 35, 48, 872 N.E.2d 126, 139 (Ill. App. Ct. 2007) |
|---|---|
| |     To succeed in a private cause of action under the Consumer Fraud Act, a plaintiff must prove (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception. |
| | |
| | *Muir v. Playtex Products*, LLC, 983 F. Supp. 2d 980, 989 (N.D. Ill. 2013) |
| |     Concluding a reasonable consumer could rely on claim and thus it was not mere puffery. |
| | |
| | *Randels v. Best Real Estate, Inc.,* 243 Ill. App. 3d 801, 805, 612 N.E.2d 984, 987 (1993) |
| |     A plaintiff alleging Consumer Fraud Act violations does not have to show actual reliance on the deceptive acts or that the defendant committed the deceptive acts in bad faith. . . . However, a plaintiff must show that the deceptive act related to a material fact. |
| | |
| | *Davis v. G.N. Mortgage Corp.,* 396 F.3d 869, 884 (7th Cir. 2005) |
| |     [W]hen analyzing a claim under the ICFA, the allegedly deceptive act must be looked upon in light of the totality of the information made available to the plaintiff. |
| | |
| | *Kitzes v. Home Depot, U.S.A., Inc.,* 374 Ill.App.3d 1053, 1061 (2007) |
| |     Materiality is measured under an objective standard. |
| | |
| | *Connick v. Suzuki Motor Co., Ltd.,* 174 Ill.2d 482, 505 (1996) |
| |     "A material fact exists where a buyer would have acted differently knowing the information, or if it concerned the type of information upon which a buyer would be expected to rely in making a decision whether to purchase." |
| | |
| | *In re ConAgra Foods, Inc.,* No. CV 11-05379 MMM, 2015 WL 1062756, at *46 (C.D. Cal. Feb. 23, 2015) *citing In re Synthroid Marketing Litigation,* 188 F.R.D. 287, 292–93 (N.D.Ill.1999). |
| |     [W]here the representation being challenged was made to all putative class members, Illinois courts have concluded that causation is susceptible of classwide proof and that individualized inquiries concerning causation do not predominate if plaintiffs are able to adduce sufficient evidence that the representation was material. |
| **Statute of Limitations** | 815 ILCS 505/10a (e) |
| |     Any action for damages under this Section shall be forever barred unless commenced within 3 years after the cause of action accrued . . . |

| MASSACHUSSETTS | |
|---|---|
| **Statute** | Mass. Gen. Laws Ann. ch. 93A, § 2 (West)<br><br>(a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.<br>(b) It is the intent of the legislature that in construing paragraph (a) of this section in actions brought under sections four, nine and eleven, the courts will be guided by the interpretations given by the Federal Trade Commission and the Federal Courts to section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), as from time to time amended. |
| **Cause of Action/Remedies** | Mass. Gen. Laws Ann. ch. 93A, § 9 (West)<br><br>(1) Any person, other than a person entitled to bring action under section eleven of this chapter, who has been injured by another person's use or employment of any method, act or practice declared to be unlawful by section two or any rule or regulation issued thereunder or any person whose rights are affected by another person violating the provisions of clause (9) of section three of chapter one hundred and seventy-six D may bring an action in the superior court, or in the housing court as provided in section three of chapter one hundred and eighty-five C whether by way of original complaint, counterclaim, cross-claim or third party action, for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper.<br>. . .<br>(3) . . . if the court finds for the petitioner, recovery shall be in the amount of actual damages or twenty-five dollars, whichever is greater; or up to three but not less than two times such amount if the court finds that the use or employment of the act or practice was a willful or knowing violation of said section two or that the refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated said section two. For the purposes of this chapter, the amount of actual damages to be multiplied by the court shall be the amount of the judgment on all claims arising out of the same and underlying transaction or occurrence, regardless of the existence or nonexistence of insurance coverage available in payment of the claim. |
| **Elements** | *Aspinall v. Philip Morris Companies, In*c., 442 Mass. 381, 396, 813 N.E.2d 476, 488 (2004)<br>Although we need only be guided by, and not strictly adhere to, interpretations of the term "deceptive" under Federal law, what has been said in the above Federal cases comports in substance with what has been said in our own: an advertisement is deceptive when it has the capacity to mislead consumers, acting reasonably under the circumstances, to act differently from the way they otherwise would have acted (i.e., to entice a reasonable consumer to purchase the product).<br><br>*Hager v. Vertrue, Inc.,* CIV.A. 09-11245-GAO, 2011 WL 4501046 (D. Mass. Sept. 28, 2011)<br>Conduct is deceptive when it has "the capacity to mislead consumers, acting reasonably under the circumstances, to act differently from the way they would otherwise have acted (i.e., to entice a reasonable consumer to purchase the product)." *Aspinall v. Philip Morris Cos., Inc.,* 442 Mass. 381, 813 N.E.2d 476, 488 (Mass.2004). Communication may be deceptive even when it contains accurate information if it, for instance, consists of a "half truth" or if it creates "an overall misleading impression through failure to disclose material information." *Id.* at 487. |

|  | *Swanson v. Bankers Life Co.,* 389 Mass. 345, 349, 450 N.E.2d 577, 580 (1983)<br>    No intention to deceive need be shown, and indeed an act might be deceptive under § 9 even absent any showing of negligence.<br><br>*Fraser Engineering Co., Inc. v. Desmond,* 26 Mass.App.Ct. 99, 104, 524 N.E.2d 110 (1988)<br>    [P]roof of actual reliance on a misrepresentation is not required so long as the evidence warrants a finding of a causal relationship between the misrepresentation and the injury to the plaintiff.<br><br>*Casavant v. Norwegian Cruise Line, Ltd.,* 76 Mass. App. Ct. 73, 77-78, 919 N.E.2d 165, 169-70 (2009) *aff'd,* 460 Mass. 500, 952 N.E.2d 908 (2011)<br>    In the context of c. 93A claims based on nondisclosure, "[m]ateriality ... is in a sense a proxy for causation." Gilleran, The Law of Chapter 93A § 4.16, at 185–186 (2d ed.2007) (noting that this view is supported by the court's definition of deception in *Lowell Gas Co. v. Attorney Gen.,* 377 Mass. at 51, 385 N.E.2d 240). |
| **Statute of Limitations** | *Passatempo v. McMenimen,* 461 Mass. 279, 296-97, 960 N.E.2d 275, 290-91 (2012) (statutory consumer protection actions governed by four year statute of limitations under Mass. Gen. Laws Ann. ch. 260 § 5A). |

| MICHIGAN | |
|---|---|
| **Statute** | Mich. Comp. Laws Ann. § 445.903 (West)<br><br>Sec. 3. (1) Unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful and are defined as follows:<br>    (a) Causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.<br>    …<br>    (c) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have.<br>    …<br>    (e) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. |
| **Cause of Action/Remedies** | Mich. Comp. Laws Ann. § 445.911 (3)<br>    A person who suffers loss as a result of a violation of this act may bring a class action on behalf of persons residing or injured in this state for the actual damages caused by any of the following:<br>        (a) A method, act, or practice in trade or commerce defined as unlawful under section 3. |
| **Elements** | *Evans v. Ameriquest Mortgage Co.,* 233115, 2003 WL 734169, *3-4 (Mich. Ct. App. Mar. 4, 2003)<br>    While a cause of action under the MCPA has similarities to a fraud claim, the MCPA captures more conduct within its sweep and offers greater protection to consumers.<br><br>Mich. Comp. Laws Ann. § 445.902 (g)<br>    "Trade or commerce" means the conduct of a business providing goods, property, or service primarily for personal, family, or household purposes…<br><br>*Dix v. Am. Bankers Life Assur. Co. of Florida,* 429 Mich. 410, 418, 415 N.W.2d 206, 209 (1987)<br>    [A] defendant's intent to deceive through a pattern of misrepresentations can be shown on a representative basis under the Consumer Protection Act.<br>    . . .<br>    We hold that members of a class proceeding under the Consumer Protection Act need not individually prove reliance on the alleged misrepresentations. It is sufficient if the class can establish that a reasonable person would have relied on the representations.<br><br>*Gasperoni v. Metabolife, Int'l Inc.,* 00-71255, 2000 WL 33365948 (E.D. Mich. Sept. 27, 2000)<br>    Under this statute, reliance and causation are satisfied by proof that plaintiffs purchased and consumed the product. |
| **Statute of Limitations** | Mich. Comp. Laws Ann. § 445.911 (7)<br>    An action under this section shall not be brought more than 6 years after the occurrence of the method, act, or practice which is the subject of the action nor more than 1 year after the last payment in a transaction involving the method, act, or practice which is the subject of the action, whichever period of time ends at a later date. However, when a person commences an action against another |

| | person, the defendant may assert, as a defense or counterclaim, any claim under this act arising out of the transaction on which the action is brought. |
|---|---|

| MISSOURI | |
|---|---|
| **Statute** | Mo. Ann. Stat. § 407.020(1) (West)<br><br>The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in section 407.453, in or from the state of Missouri, is declared to be an unlawful practice. |
| **Cause of Action/Remedies** | Mo. Ann. Stat. § 407.025(1) (West)<br><br>Any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020, may bring a private civil action in either the circuit court of the county in which the seller or lessor resides or in which the transaction complained of took place, to recover actual damages.<br><br>Mo. Ann. Stat. § 407.025 (West)<br><br>The court may, in its discretion, award punitive damages and may award to the prevailing party attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary or proper.<br><br>Lewellen v. Franklin, 441 S.W.3d 136, 146 (Mo. 2014) (citations omitted)<br><br>In determining if a punitive damages award comports with due process, courts consider three guideposts: (1) the reprehensibility of the defendant's misconduct; (2) the disparity between the harm and the punitive damages award; and (3) the difference between the punitive damages award and penalties authorized or imposed in comparable cases.<br><br>The reprehensibility of the conduct is the most important factor and includes consideration of whether:<br><br>[T]he harm caused was physical as opposed to economic; the tortious conduct evinced an indifference to or a reckless disregard of the health or safety of others; the target of the conduct had financial vulnerability; the conduct involved repeated actions or was an isolated incident; and the harm was the result of intentional malice, trickery, or deceit, or mere accident. |
| **Elements** | *Scanio v. Zale Delaware, Inc.,* 4:12CV37 CDP, 2012 WL 368741 (E.D. Mo. Feb. 3, 2012) ("The MMPA 'serves as a supplement to the definition of common law fraud [and] eliminates the need to prove an intent to defraud or reliance.'" (quoting *Sales Res., Inc. v. Alliance Foods, Inc.,* No. 4:09CV666 TCM, 2010 WL 5184943 at *26 (E.D.Mo. Dec. 15, 2010).<br><br>*Schuchmann v. Air Servs. Heating & Air Conditioning, Inc.,* 199 S.W.3d 228, 232 (Mo. Ct. App. 2006)<br><br>Defendant's Point II argument also ignores the plethora of case law holding that the MMPA serves as a supplement to the definition of common law fraud; it eliminates the need to prove an intent to defraud or reliance.<br>Hess v. Chase Manhattan Bank, USA, N.A., 220 S.W.3d 758, 773 (Mo. 2007)<br> To prevail on MMPA claim plaintiff must prove that he: "(1) purchased [merchandise]; (2) for personal, family, or household purposes; and (3) suffered an ascertainable loss of money or property; (4) as a result of an act declared unlawful by section 407.020. |

|  | 15 Mo. Code Regs. Ann. 60-9.010(1)© |
|---|---|
|  | Material fact is any fact which a reasonable consumer would likely consider to be important in making a purchasing decision, or which would be likely to induce a person to manifest his/her assent, or which the seller knows would be likely to induce a particular consumer to manifest his/her assent, or which would be likely to induce a reasonable consumer to act, respond or change his/her behavior in any substantial manner. |
| **Statute of Limitations** | *Boulds v. Chase Auto Fin. Corp.,* 266 S.W.3d 847, 851 (Mo. Ct. App. 2008) |
|  | The MMPA contains no statute of limitations, and therefore the five-year period for civil actions laid out in § 516.120(1) applies. |

| NEW JERSEY | |
|---|---|
| **Statute** | N.J. Stat. Ann. § 56:8-2<br><br>The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice . . . |
| **Cause of Action/Remedies** | N.J. Stat. Ann. § 56:8-19 (West)<br><br>Any person who suffers any ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person of any method, act, or practice declared unlawful under this act or the act hereby amended and supplemented may bring an action or assert a counterclaim therefor in any court of competent jurisdiction. In any action under this section the court shall, in addition to any other appropriate legal or equitable relief, award threefold the damages sustained by any person in interest. In all actions under this section, including those brought by the Attorney General, the court shall also award reasonable attorneys' fees, filing fees and reasonable costs of suit.<br><br>*Smith v. Alza Corp.,* 400 N.J. Super. 529, 551, 948 A.2d 686, 700 (N.J. Super. Ct. App. Div. 2008)<br>    Under the NJCFA, treble damages and attorney's fees are mandatory. |
| **Elements** | *Zaman v. Felton,* 219 N.J. 199, 222, 98 A.3d 503, 516 (2014) (quotation omitted).<br>    "To prevail on a CFA claim, a plaintiff must establish three elements: 1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss."<br><br>*Arcand v. Brother Int'l Corp.,* 673 F. Supp. 2d 282, 297 (D.N.J. 2009)<br>    "One who makes an affirmative misrepresentation is liable even in the absence of knowledge of the falsity of the misrepresentation, negligence, or the intent to deceive." Gennari v. Weichert Co. Realtors, 148 N.J. 582, 605, 691 A.2d 350 (1997).<br><br>*Leon v. Rite Aid Corp.,* 340 N.J. Super. 462, 469, 774 A.2d 674, 678 (App. Div. 2001)<br>[W]hen a plaintiff's claim is that there was an affirmative act such as fraud or deception, it is not necessary that plaintiff show either defendant's knowledge or intent or that the misrepresentation was of a material fact.<br><br>*Leon v. Rite Aid Corp.,* 340 N.J.Super. 462, 468, 774 A.2d 674 (App. Div.2001).<br>    A plaintiff need not even show reliance on the violation of the [CFA] as long as an ascertainable loss resulting from defendant's conduct is demonstrated.<br><br>*Dzielak v. Whirlpool Corp*., 26 F. Supp. 3d 304, 335 (D.N.J. 2014) citing *Union Ink Co., Inc. v. AT & T Corp.,* 352 N.J.Super. 617, 646, 801 A.2d 361, 379 (N.J.Super.Ct.App.Div.2002)<br>    An ascertainable loss under the NJCFA "occurs when a consumer receives less than what was promised." |

| | |
|---|---|
| **Statute of Limitations** | *Bayside Chrysler Plymouth Jeep Eagle, Inc. v. Ma,* A-3575-04T3, 2006 WL 1449783 (N.J. Super. Ct. App. Div. May 26, 2006)<br>    [I]n New Jersey, consumer fraud actions are governed by a six-year statute of limitations. N.J.S.A. 2A:14-1. |

| NEW YORK | |
|---|---|
| **Statute** | N.Y. Gen. Bus. Law § 349(a)<br>    Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful. |
| **Cause of Action/Remedies** | N.Y. Gen. Bus. Law § 349 (h)<br>    In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.<br><br>N.Y. Gen. Bus. Law § 349 (h)<br>    The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff. |
| **Elements** | *Stutman v. Chem. Bank,* 95 N.Y.2d 24, 29, 731 N.E.2d 608, 611-13 (2000)<br>    A plaintiff under section 349 must prove three elements: first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act.<br>    . . .<br>    Intent to defraud and justifiable reliance by the plaintiff are not elements of the statutory claim.<br>    . . .<br>    [T]here is a difference between reliance and causation, as illustrated by the facts of this case. Here, plaintiffs allege that because of defendant's deceptive act, they were forced to pay a $275 fee that they had been led to believe was not required. In other words, plaintiffs allege that defendant's material deception caused them to suffer a $275 loss. This allegation satisfies the causation requirement. Plaintiffs need not additionally allege that they would not otherwise have entered into the transaction. Nothing more is required.<br>Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 85 N.Y.2d 20, 26, 647 N.E.2d 741, 745 (1995)<br>    Deceptive acts and practices under GBL§ 349 "limited to those likely to mislead a reasonable consumer acting reasonably under the circumstances." |
| **Statute of Limitations** | *Gaidon v. Guardian Life Ins. Co. of Am.,* 96 N.Y.2d 201, 209-10, 750 N.E.2d 1078, 1083 (2001)<br>    [W]e hold that the three-year period of limitations for statutory causes of action under CPLR 214(2) applies to the instant General Business Law § 349 claims. |

| RHODE ISLAND | |
|---|---|
| **Statute** | R.I. Gen. Laws Ann. § 6-13.1-1 (6)<br>    Unfair methods of competition and unfair or deceptive acts or practices" means any one or more of the following:<br>      . . .<br>      (ii) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;<br>      . . .<br>      (v) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have;<br>      . . .<br>      (vii) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;<br><br>R.I. Gen. Laws Ann. § 6-13.1-2 (West)<br>    Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful.<br><br>R.I. Gen. Laws Ann. § 6-13.1-3 (West)<br>    It is the intent of the legislature that in construing §§ 6-13.1-1 and 6-13.1-2 due consideration and great weight shall be given to the interpretations of the federal trade commission and the federal courts relating to § 5(a) of the Federal Trade Commission Act. 15 U.S.C. § 45(a)(1), as from time to time amended. |
| **Cause of Action/Remedies** | R.I. Gen. Laws Ann. § 6-13.1-5.2 (West)<br>    (a) Any person who purchases or leases goods or services primarily for personal, family, or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act, or practice declared unlawful by § 6-13.1-2, may bring an action under Rules of Civil Procedure in the superior court of the county in which the seller or lessor resides, is found, has his or her principal place of business, or is doing business, or in the superior court of the county as is otherwise provided by law, to recover actual damages or two hundred dollars ($200), whichever is greater. The court may, in its discretion, award punitive damages and may provide other equitable relief that it deems necessary or proper.<br>    (b) Persons entitled to bring an action under subsection (a) of this section may, if the unlawful method, act, or practice has caused similar injury to numerous other persons similarly situated and if they adequately represent the similarly situated persons, bring an action on behalf of themselves and other similarly injured and situated persons to recover damages as provided for in subsection (a) of this section. In any action brought under this section, the court may in its discretion order, in addition to damages, injunctive or other equitable relief.<br><br>*Morin v. Aetna Casualty and Surety Co.,* 478 A.2d 964, 967 (R.I.1984)<br>    For punitive damages to be awarded there must be a showing that the defendant acted with malice or in bad faith. |

27

|  | |
|---|---|
|  | *Morin v. Aetna Cas. & Sur. Co.,* 478 A.2d 964, 967 (R.I. 1984) (internal quotation omitted) one seeking punitive damages must produce "evidence of such willfulness, recklessness or wickedness, on the part of the party at fault, as amount[s] to criminality, which for the good of society and warning to the individual, ought to be punished.<br><br>*Morin v. Aetna Cas. & Sur. Co.,* 478 A.2d 964, 967 (R.I. 1984) (quotation omitted)<br><br>A party "seeking punitive damages must produce evidence of such willfulness, recklessness or wickedness, on the part of the party at fault, as amount[s] to criminality, which for the good of society and warning to the individual, ought to be punished." |
| **Elements** | *ERI Max Entm't, Inc. v. Streisand*, 690 A.2d 1351, 1353 (R.I. 1997)<br>   [A] finding of unfair competition must be predicated upon conduct on the part of the respondent that reasonably tended to confuse and mislead the general public into purchasing his product.<br><br>Long v. Dell, Inc., 93 A.3d 988, 1003 (R.I. 2014) (adopting FTC's definition of a deceptive act)<br>   To prove a deceptive trade practice, a plaintiff must show: (1) a representation, omission, omission, or practice that (2) is likely to mislead consumers acting reasonably under the circumstances, and (3), the representation, omission, or practice is material." |
| **Statute of Limitations** | R.I. Gen. Laws Ann. § 9-1-13(a) Except as otherwise specially provided, all civil actions shall be commenced within ten (10) years next after the cause of action shall accrue, and not after. |

| VERMONT | |
|---|---|
| **Statute** | Vt. Stat. Ann. tit. 9, § 2453 (West)<br><br>(a) Unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are hereby declared unlawful.<br>(b) It is the intent of the legislature that in construing subsection (a) of this section, the courts of this state will be guided by the construction of similar terms contained in Section 5(a)(1) of the Federal Trade Commission Act[1] as from time to time amended by the Federal Trade Commission and the courts of the United States. |
| **Cause of Action/Remedies** | Vt. Stat. Ann. tit. 9, § 2461 (b)<br><br>Any consumer who contracts for goods or services in reliance upon false or fraudulent representations or practices prohibited by section 2453 of this title, or who sustains damages or injury as a result of any false or fraudulent representations or practices prohibited by section 2453 of this title, or prohibited by any rule or regulation made pursuant to section 2453 of this title may sue for appropriate equitable relief and may sue and recover from the seller, solicitor, or other violator the amount of his damages, or the consideration or the value of the consideration given by the consumer, reasonable attorney's fees, and exemplary damages not exceeding three times the value of the consideration given by the consumer. Any language, written or oral, used by a seller or solicitor, which attempts to exclude or modify recovery of the penalty or reasonable attorney's fees shall be unenforceable.<br><br>*Bruntaeger v. Zeller,* 147 Vt. 247, 252, 515 A.2d 123, 127 (1986)<br>The statute requires an award of exemplary damages only where malice, ill will, or wanton conduct is demonstrated. |
| **Elements** | *Gregory v. Poulin Auto Sales, Inc.,* 2012 VT 28, 191-92  Vt. 611, 613, 44 A.3d 788, 791, 792 (2012)<br>The three elements of a VCFA claim are as follows: "(1) there must be a representation, practice, or omission likely to mislead the consumer; (2) the consumer must be interpreting the message reasonably under the circumstances; and (3) the misleading effects must be 'material,' that is, likely to affect the consumer's conduct or decision with regard to a product.<br>. . .<br>We have squarely held that lack of intent to deceive, good faith, or lack of knowledge about the defect are not defenses to claims under the VCFA. |
| **Statute of Limitations** | Vt. Stat. Ann. tit. 12, § 511 (West)<br>A civil action, except one brought upon the judgment or decree of a court of record of the United States or of this or some other state, and except as otherwise provided, shall be commenced within six years after the cause of action accrues and not thereafter. |

| WASHINGTON | |
|---|---|
| **Statute** | Wash. Rev. Code Ann. § 19.86.020<br><br>Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.<br><br>Wash. Rev. Code Ann. § 19.86.093 (West)<br><br>In a private action in which an unfair or deceptive act or practice is alleged under RCW 19.86.020, a claimant may establish that the act or practice is injurious to the public interest because it:<br>    (1) Violates a statute that incorporates this chapter;<br>    (2) Violates a statute that contains a specific legislative declaration of public interest impact; or<br>    (3)(a) Injured other persons; (b) had the capacity to injure other persons; or (c) has the capacity to injure other persons.<br><br>Wash. Rev. Code Ann. § 19.86.920 (West)<br><br>The legislature hereby declares that the purpose of this act is to complement the body of federal law governing restraints of trade, unfair competition and unfair, deceptive, and fraudulent acts or practices in order to protect the public and foster fair and honest competition. It is the intent of the legislature that, in construing this act, the courts be guided by final decisions of the federal courts and final orders of the federal trade commission interpreting the various federal statutes dealing with the same or similar matters and that in deciding whether conduct restrains or monopolizes trade or commerce or may substantially lessen competition, determination of the relevant market or effective area of competition shall not be limited by the boundaries of the state of Washington. To this end this act shall be liberally construed that its beneficial purposes may be served.<br>It is, however, the intent of the legislature that this act shall not be construed to prohibit acts or practices which are reasonable in relation to the development and preservation of business or which are not injurious to the public interest, nor be construed to authorize those acts or practices which unreasonably restrain trade or are unreasonable per se. |
| **Cause of Action/Remedies** | Wash. Rev. Code Ann. § 19.86.090 (West)<br><br>Any person who is injured in his or her business or property by a violation of RCW 19.86.020, 19.86.030, 19.86.040, 19.86.050, or 19.86.060, or any person so injured because he or she refuses to accede to a proposal for an arrangement which, if consummated, would be in violation of RCW 19.86. 030, 19.86.040, 19.86.050, or 19.86.060, may bring a civil action in superior court to enjoin further violations, to recover the actual damages sustained by him or her, or both, together with the costs of the suit, including a reasonable attorney's fee. In addition, the court may, in its discretion, increase the award of damages up to an amount not to exceed three times the actual damages sustained: PROVIDED, That such increased damage award for violation of RCW 19.86.020 may not exceed twenty-five thousand dollars: PROVIDED FURTHER, That such person may bring a civil action in the district court to recover his or her actual damages, except for damages which exceed the amount specified in RCW 3.66.020, and the costs of the suit, including reasonable attorney's fees. The district court may, in its discretion, increase the award of damages to an amount not more than three times the actual damages sustained, but such increased damage award shall not exceed twenty-five thousand dollars. For the purpose of this section, "person" includes the counties, municipalities, and all political subdivisions of this state. |

| Elements | |
|---|---|
| | *Klem v. Washington Mut. Bank,* 176 Wash. 2d 771, 782, 295 P.3d 1179, 1185 (2013) (quotation omitted)<br>"To prevail on a CPA action, the plaintiff must prove an (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation."<br><br>Panag v. Farmers Ins. Co. of Washington, 166 Wash. 2d 27, 50, 204 P.3d 885, 895 (2009)<br>  Deception exists "if there is a representation, omission or practice that is likely to mislead" a reasonable consumer.<br><br>Ramos v. Arnold, 141 Wash. App. 11, 20, 169 P.3d 482, 486 (2007)<br>  Implicit in the definition of 'deceptive' under the CPA is the understanding that the practice misleads or misrepresents something of material importance."<br><br>Wash. Rev. Code Ann. § 19.86.010(2)<br> (2) "Trade" and "commerce" shall include the sale of assets or services, and any commerce directly or indirectly affecting the people of the state of Washington.<br><br>*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wash. 2d 778, 790, 719 P.2d 531, 537-38 (1986)<br>  Where the transaction was essentially a consumer transaction [...] these factors are relevant to establish public interest: (1) Were the alleged acts committed in the course of defendant's business? (2) Are the acts part of a pattern or generalized course of conduct? (3) Were repeated acts committed prior to the act involving plaintiff? (4) Is there a real and substantial potential for repetition of defendant's conduct after the act involving plaintiff? (5) If the act complained of involved a single transaction, were many consumers affected or likely to be affected by it?<br><br>*Klem v. Washington Mut. Bank*, 176 Wash. 2d 771, 787, 295 P.3d 1179, 1187 (2013)<br>  "[W]e hold that a claim under the Washington CPA may be predicated upon a per se violation of statute, an act or practice that has the capacity to deceive substantial portions of the public, or an unfair or deceptive act or practice not regulated by statute but in violation of public interest."<br><br>*Riensche v. Cingular Wireless, LLC,* 496 F. App'x 760, 763 (9th Cir. 2012)<br>  To prove an unfair or deceptive act under the CPA, "[n]either intent to deceive nor actual deception is required." *Dwyer v. J.I. Kislak Mortg. Corp.,* 103 Wash.App. 542, 13 P.3d 240, 243 (2000). Instead, the act "need only have 'the *capacity* to deceive a substantial portion of the public.'<br>*Schnall v. AT & T Wireless Servs., Inc.,* 171 Wash. 2d 260, 277, 259 P.3d 129, 137 (2011<br>  [T]he trial court did not have the benefit of our recent opinion in *Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc.,* 162 Wash.2d 59, 82, 170 P.3d 10 (2007), where we firmly rejected the principle that reliance is necessarily an element of the plaintiff's case. . . . The plaintiff must merely show that the "injury complained of ... would not have happened" if not for defendant's violative acts. |

31

| | |
|---|---|
| | *Riensche v. Cingular Wireless,* LLC, 496 F. App'x 760, 763 (9th Cir. 2012)<br><br>But for Cingular's line-item surcharge, Plaintiffs would not have paid the additional amount covering the B & O tax. Thus, causation is satisfied. |
| **Statute of Limitations** | Wash. Rev. Code Ann. § 19.86.120 (West)<br><br>Any action to enforce a claim for damages under RCW 19.86.090 shall be forever barred unless commenced within four years after the cause of action accrues: |

| WISCONSIN | |
|---|---|
| **Statute** | Wisconsin - Wis. Stat. Ann. § 100.18(1) (West)<br><br>No person, firm, corporation or association, or agent or employee thereof, with intent to sell, distribute, increase the consumption of or in any wise dispose of any real estate, merchandise, securities, employment, service, or anything offered by such person, firm, corporation or association, or agent or employee thereof, directly or indirectly, to the public for sale, hire, use or other distribution, or with intent to induce the public in any manner to enter into any contract or obligation relating to the purchase, sale, hire, use or lease of any real estate, merchandise, securities, employment or service, shall make, publish, disseminate, circulate, or place before the public, or cause, directly or indirectly, to be made, published, disseminated, circulated, or placed before the public, in this state, in a newspaper, magazine or other publication, or in the form of a book, notice, handbill, poster, bill, circular, pamphlet, letter, sign, placard, card, label, or over any radio or television station, or in any other way similar or dissimilar to the foregoing, an advertisement, announcement, statement or representation of any kind to the public relating to such purchase, sale, hire, use or lease of such real estate, merchandise, securities, service or employment or to the terms or conditions thereof, which advertisement, announcement, statement or representation contains any assertion, representation or statement of fact which is untrue, deceptive or misleading. |
| **Cause of Action/Remedies** | Wis. Stat. Ann. § 100.18(b)(2)<br><br>Any person suffering pecuniary loss because of a violation of this section by any other person may sue in any court of competent jurisdiction and shall recover such pecuniary loss, together with costs, including reasonable attorney fees . . . |
| **Elements** | *Novell v. Migliaccio*, 2008 WI 44, 309 Wis. 2d 132, 151-153, 749 N.W.2d 544, 553 (2008)<br><br>[T]here are three elements in a § 100.18 cause of action: (1) the defendant made a representation to the public with the intent to induce an obligation, (2) the representation was "untrue, deceptive or misleading," and (3) the representation materially induced (caused) a pecuniary loss to the plaintiff.<br><br>. . .<br><br>Based on the plain language of § 100.18, the statutory purpose of protecting the public by deterring sellers from making false representations, and the cases interpreting the statute, we determine that reasonable reliance is not an element of a § 100.18 cause of action. Rather, the reasonableness of a plaintiff's reliance may be relevant in considering the third element of such a claim, that is whether a representation materially induced (caused) the plaintiff to sustain a pecuniary loss.<br><br>K & S Tool & Die Corp. v. Perfection Mach. Sales, Inc., 2007 WI 70, ¶ 39, 301 Wis. 2d 109, 132, 732 N.W.2d 792, 803-804<br><br>Plaintiff suffered pecuniary loss where he purchased piece of machinery based on misrepresentation that he would not have purchased otherwise.<br><br>*Christense v. TDS Metrocom LLC*, 2009 WI App 21, ¶ 16, 316 Wis. 2d 356, 763 N.W.2d 248<br><br>Analyzing whether misrepresentation is untrue, deceptive, or misleading under reasonable consumer standard. |
| **Statute of Limitations** | Wis. Stat. Ann. § 100.18 (West) |

| | No action may be commenced under this section more than 3 years after the occurrence of the unlawful act or practice which is the subject of the action. |
|---|---|