# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| HEIDI LANGAN, on behalf of herself and all others similarly situated,<br><br>                  Plaintiff,<br><br>    vs.<br><br>JOHNSON & JOHNSON CONSUMER COMPANIES, INC.,<br><br>                  Defendant. | Civil Action No. 3:13-CV-01470-JAM |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | ARGUMENT | 1 |
| | A. Plaintiff Has Standing | 1 |
| | B. Ascertainability Is Not an Issue | 4 |
| | C. Plaintiff's Claim is Typical | 6 |
| | D. Defendant's Attacks on Ms. Langan's Adequacy are Baseless | 6 |
| | E. Plaintiff Establishes Commonality | 9 |
| | F. There Is No Impediment to a Multistate Class | 10 |
| III. | CONCLUSION | 10 |

# TABLE OF AUTHORITIES

*Cases*

*Ackerman v. Coca-Cola Co.,*
　　No. 09 CV 395 DLI RML, 2013 WL 7044866 (E.D.N.Y. July 18, 2013) ................ 2, 3, 8

*Allen v. Dairy Farmers of Am., Inc.,*
　　No. 5:09-CV-2302012, WL 5844871 (D. Vt. Nov. 19, 2012) .............................9

*Amchem Products, Inc. v. Windsor,*
　　521 U.S. 591 (1997)........................................................................ 5

*Amgen Inc. v. Connecticut Ret. Plans & Trust Funds,*
　　133 S. Ct. 1184 (2013) ................................................................9, 10

*Anjelino v. New York Times Co.,*
　　200 F.3d 73 (3d Cir.1999) ................................................................3

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.,*
　　222 F.3d 52 (2d Cir. 2000) ...............................................................8

*In re Bayer Corp. Combination Aspirin Products Mktg. & Sales Practices Litig.,*
　　701 F. Supp. 2d 356 (E.D.N.Y. 2010) .....................................................2

*Bodner v. Oreck Direct, LLC,*
　　2007 WL 1223777 (N.D. Cal. Apr. 25, 2007) ..............................................8

*Belfiore v. Procter & Gamble Co.,*
　　No. 14-CV-4090, 2015 WL 1402313 (E.D.N.Y. March 25, 2015) ...............................2, 3

*Brecher v. Republic of Argentina,*
　　2015 WL 5438797 (2d Cir. Sept. 16, 2015) ............................................... 5

*Byrd v. Aaron's Inc.,*
　　784 F.3d 154 (3d Cir. 2015) ..............................................................5

*Caldor, Inc. v. Heslin,*
　　215 Conn. 590, 577 A.2d 1009 (1990) .....................................................9

*Cendant Corp. v. Forbes*, 70 F. Supp. 2d 339 (S.D.N.Y. 1999),
　　*aff'd,* 205 F.3d 1322 (2d Cir. 2000) .....................................................3

*Cent. States SE & SW Areas Health & Welfare Fund v. Merck-Medco*
　　*Managed Care, L.L.C.,* 504 F.3d 229 (2d Cir. 2007) .........................................6

*Citibank (S. Dakota) N.A. v. Mazzarella,*
 No. TTDCV106002096S, 2010 WL 5610861 (Conn. Super. Ct. Dec. 14, 2010) ............... 9

*City of Los Angeles v. Lyons,*
 461 U.S. 95 (1983) ................................................................................................................ 4

*Committee Official Comm. of Unsecured Creditors of Color Tile, Inc. v.
 Coopers & Lybrand, LLP*, 322 F.3d 147 (2d Cir. 2003) ..................................................... 2

*In re Currency Conversion Fee Antitrust Litig.,*
 230 F.R.D. 303 (S.D.N.Y. 2004) ....................................................................................... 11

*Davis v. City of New York,* 296 F.R.D. 158 (S.D.N.Y. 2013) ...................................................... 5

*Delgado v. Ocwen Loan Servicing, LLC,*
 No. 13–CV–4427, 2014 WL 4773991 (E.D.N.Y. Sept. 24, 2014) ................................. 2, 3

*Deshown E. v. Safir,*
 156 F.3d 340 (2d Cir. 1998) ............................................................................................... 4

*Diaz v. Residential Credit Solutions, Inc.,*
 299 F.R.D. 16 (E.D.N.Y. 2014) .......................................................................................... 8

*Ebin v. Kangadis Food, Inc.,*
 297 F.R.D. 561 (S.D.N.Y. 2014) ........................................................................................ 5

*Elias v. Ungar's Food Products, Inc.,*
 252 F.R.D. 233 (D.N.J. 2008) ............................................................................................. 6

*In re Flag Telecom Holdings, Ltd. Sec. Litig.,*
 574 F.3d 29 (2d Cir. 2009) ................................................................................................. 6

*Floyd v. City of New York,*
 283 F.R.D. 153 (S.D.N.Y. 2012) ..................................................................................... 5, 6

*Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.,*
 301 F.R.D. 116 (S.D.N.Y. 2014) ........................................................................................ 8

*Franke v. Wiltschek,*
 209 F.2d 493 (2d Cir. 1953) ............................................................................................... 3

*Hallmark v. Cohen & Slamowitz, LLP,*
 293 F.R.D. 410 (W.D.N.Y. 2013) ...................................................................................... 6

*Hollingsworth v. Perry,*
 133 S. Ct. 2652 (2013) ........................................................................................................ 2

*In re IMAX Securities Litig.,* 272 F.R.D. 138 (S.D.N.Y. 2010)..................................................7

*Jermyn v. Best Buy Stores*, L.P., 256 F.R.D. 418 (S.D.N.Y. 2009)..........................................3

*Karhu v. Vital Pharm., Inc.,* No. 14-11648, 2015 WL 3560722
    (11th Cir. June 9, 2015) ...........................................................................................5

*Karhu v. Vital Pharm., Inc.,* No. 13-60768-CIV, 2014 WL 815253
    (S.D. Fla. Mar. 3, 2014) ...........................................................................................5

*Koehler v. Litehouse, Inc.,* No. 12 CV 04055, 2012 WL 6217635
    (N.D. Cal. Dec.13, 2012) .........................................................................................3

*Langendorf v. Skinnygirl Cocktails, LLC,* 306 F.R.D. 574 (N.D. Ill. 2014)....................................7

*Lanovaz v. Twinings North America, Inc.,* No. C-12-02646-RMW,
    2014 WL 46822 (N.D. Cal. Jan. 6, 2014) ................................................................3

*Larsen v. Trader Joe's Co.,* No. 11 CV 05188, 2012 WL 5458396
    (N.D. Cal. June 14, 2012) .......................................................................................3

*Ligon v. City of New York,* 288 F.R.D. 72 (S.D.N.Y. 2013)......................................................5

*Moheb v. Nutramax Labs. Inc.,* No. CV 12-3633-JFW JCX,
    2012 WL 6951904 (C.D. Cal. Sept. 4, 2012) .........................................................7

*Mullins v. Direct Digital, LLC,*
    795 F.3d 654 (7th Cir. 2015) ...................................................................................5

*O'Shea v. Littleton,*
    414 U.S. 48 (1974)...................................................................................................4

*Port of New York Auth. v. E. Air Lines, Inc.*,
    259 F. Supp. 745 (E.D.N.Y. 1966) .........................................................................3

*Poulos v. Caesars World, Inc.,* No. CV-S-94-1126-RLH-RJJ,
    2002 WL 1991180 (D. Nev. June 25, 2002), *aff'd in part, appeal dismissed
    in part,* 379 F.3d 654 (9th Cir. 2004).....................................................................6

*Pub. Employees' Ret. Sys. of Mississippi v. Merrill Lynch & Co.,*
    277 F.R.D. 97 (S.D.N.Y. 2011) ..........................................................................6, 7

*Ries v. Arizona Beverages,*
    287 F.R.D. 523 (N.D. Cal. 2012).........................................................................3, 5

*Serv. Rd. Corp. v. Quinn,*
    241 Conn. 630 (1997) .............................................................................................1

*Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.,*
 293 F.R.D. 287 (E.D.N.Y. 2013) ................................................................................8

*Shain v. Ellison,*
 356 F.3d 211 (2d Cir. 2004) .......................................................................................4

*Shelton v. Bledsoe,*
 775 F.3d 554 (3d Cir. 2015) .......................................................................................4

*Spagnola v. Chubb Corp.,* 264 F.R.D. 76 (S.D.N.Y. 2010) ..............................................7

*In re Symbol Technologies, Inc. Sec. Litig.,* No. 05-CV-3923 DRH AKT,
 2015 WL 3915477 (E.D.N.Y. June 25, 2015) ............................................................8

*In re Toys R Us-Delaware, Inc. Fair & Accurate Credit Transactions Act
 (FACTA) Litig.,* 300 F.R.D. 347 (C.D. Cal. 2013) ....................................................6

*In re U.S. Foodservice Inc. Pricing Litig.,*
 729 F.3d 108 (2d Cir. 2013) .....................................................................................10

*Vaccariello v. XM Satellite Radio, Inc.,*
 295 F.R.D. 62 (S.D.N.Y. 2013) ..................................................................................4

*In re Vitamin C Antitrust Litig.,*
 279 F.R.D. 90 (E.D.N.Y. 2012) .................................................................................7

*Zyburo v. NCSPlus, Inc.,*
 44 F. Supp. 3d 500 (S.D.N.Y. 2014) ..........................................................................6

### *Constitutions and Statutes*

U.S. Const. Article III ...........................................................................................2, 3, 4

Conn. Gen. Stat. § 42-110g(d) ......................................................................................1

### *Court Rules*

Fed. R. Civ. P. 23(b)(2) ................................................................................1, 4, 5, 10

Fed. R. Civ. P. 23(b)(3) .................................................................................................5

Connecticut Rules of Professional Conduct Rule 7.3(a) ...............................................7

*Other Authorities*

William B. Rubinstein, NEWBERG ON CLASS ACTIONS § 3:7 (5th ed. 2011) .............................4, 5

## I. INTRODUCTION

Defendant represents that its sunscreens provide "natural protection" with "100 percent naturally-sourced sunscreen ingredients." These representations are materially false since the sunscreens are full of synthetic ingredients. Accordingly, Plaintiff moves the Court to certify a class under Federal Rule 23(b)(2) to compel Defendant to stop mislabeling its products and charging an unjustified premium for "natural" products.[1]

## II. ARGUMENT

### A. Plaintiff Has Standing

CUTPA, like all of the state consumer protection statutes at issue here, specifically provides that "[i]n any action brought under this section, the court may, in its discretion, order, in addition to damages or in lieu of damages, injunctive or other equitable relief." Conn. Gen. Stat. § 42-110g(d). As a matter of state substantive law, once a plaintiff has suffered an ascertainable loss, she has standing to pursue all statutory remedies, including an injunction.[2] A contrary rule, allowing deceptive conduct to continue because a plaintiff has figured out defendant's misconduct and brought suit, would gut the state statutory law that the Court should apply in a diversity action.

Plaintiffs in a class action may enjoin a defendant's misrepresentations even after they personally learn the truth and stop using the misrepresented product so that other class members will not be similarly harmed. "[P]laintiffs have standing to seek injunctive relief based on the

---

[1] Defendant combined in one brief arguments against class certification and in favor of summary judgment. Defendant's opposition to class certification repeats arguments in support of summary judgment that do not concern class-wide issues. The same is true of Defendant's *Daubert* motion to exclude the testimony of Plaintiff's expert. Plaintiff will address those arguments in its brief opposing Defendant's motions for summary judgment and to exclude Plaintiff's expert.

[2] *Serv. Rd. Corp. v. Quinn,* 241 Conn. 630, 644 (1997) (plaintiff that fails to prove damages may obtain injunctive relief under CUTPA if plaintiff is able to prove that an unfair trade practice resulted in an ascertainable loss to the plaintiff).

1

allegation that a product's labeling or marketing is misleading to a reasonable consumer," because to "hold otherwise would effectively bar any consumer who avoids the offending product from seeking injunctive relief." *Ackerman v. Coca–Cola Co.,* No. 09–CV–395, 2013 WL 7044866, at *2–3, *14–15, *15 n. 23 (E.D.N.Y. July 18, 2013) (report and recommendation) (collecting cases). "Public policy, as well as precedent, supports th[is] rule" because "[w]hile plaintiffs may not purchase the same . . . products as they purchased during the class period, because they are now aware of the true content of the products, to prevent them from bringing suit on behalf of a class in federal court would surely thwart the objective" of state consumer protection laws. *Belfiore v. Procter & Gamble Co.,* No. 14-CV-4090, 2015 WL 1402313, at *3 (E.D.N.Y. March 25, 2015) (internal citations and quotation marks omitted).[3]

In a diversity case, federal courts should look state law to determine *whether* the requirements of Article III, injury in fact, causation and redressability, are met. In *Hollingsworth v. Perry,* 133 S. Ct. 2652, 2663 (2013), the Supreme Court looked to California state law to determine whether intervenors, who themselves had not been injured, were authorized to act on behalf of the State of California, which *had* been injured. Similarly, in *Committee Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 157 (2d Cir. 2003) the Second Circuit looked to Texas law in affirming that plaintiff-appellant had Article III standing to bring its breach of contract and breach of fiduciary duty claims. *See also In re Bayer Corp. Combination Aspirin Products Mktg. & Sales Practices Litig.,* 701 F. Supp. 2d 356, 377 (E.D.N.Y. 2010) ("To determine injury-in-fact, a court will 'consider [ ] whether the alleged injury

---

[3] *See also Delgado v. Ocwen Loan Servicing, LLC,* No. 13–CV–4427, 2014 WL 4773991, at *14 (E.D.N.Y. Sept. 24, 2014) ("[f]inding that Plaintiffs have no federal standing to enjoin a deceptive practice once they become aware of the scheme would eviscerate the intent of" state consumer protection statutes).

falls within the "zone of interests" that the statute or constitutional provision at issue was designed to protect.'") (quoting *Anjelino v. New York Times Co.,* 200 F.3d 73, 88 (3d Cir.1999));[4] *Henderson,* 2011 WL 1362188, at *8 (court looked to California's consumer protection laws to determine whether plaintiffs had standing to seek an injunction to stop defendant's false label claims, even though they "may not purchase the same Gruma products as they purchased during the class period, because they are now aware of the true content of the products.").[5]

Defendant argues that *Ackerman* is distinguishable because no plaintiff "expressed an intent *not* to purchase the products at issue." Def. Br. at 12, n.6. But this ignores the *Ackerman* Court's analysis entirely. *Ackerman,* 2013 WL 7044866, at *15, n.23. Defendant's attempt to distinguish *Ries v. Arizona Beverages,* 287 F.R.D. 523, 533 (N.D. Cal. 2012), Def. Br. at n.6. fails for the same reason. *Id.* at 533 (that Plaintiffs discovered deception years ago does not render

---

[4] *See also Franke v. Wiltschek*, 209 F.2d 493 (2d Cir. 1953); *Port of New York Auth. v. E. Air Lines, Inc.*, 259 F. Supp. 745, 753 (E.D.N.Y. 1966); *Cendant Corp. v. Forbes*, 70 F. Supp. 2d 339, 344-45 (S.D.N.Y. 1999), *aff'd,* 205 F.3d 1322 (2d Cir. 2000).

[5] *See also Koehler v. Litehouse, Inc.,* No. 12 CV 04055, 2012 WL 6217635, at *6 (N.D. Cal. Dec. 13, 2012) (plaintiff had standing to sue for injunctive relief even though he did not intend to make another purchase); *Larsen v. Trader Joe's Co.,* No. 11 CV 05188, 2012 WL 5458396, at *4 (N.D. Cal. June 14, 2012) (plaintiffs had standing to seek injunctive relief even though they would not purchase the food items again.) Whether plaintiff intended to purchase the product again was not considered when the court certified an injunctive relief class in *Jermyn v. Best Buy Stores*, L.P., 256 F.R.D. 418 (S.D.N.Y. 2009), which cuts against Defendant's argument. While Defendant cites almost exclusively cases from the Northern District of California that support its argument (Def. Br. at 12, n. 5), these cases fail to consider how state law affects the interests of litigants in a diversity case, and thus affects the analysis of injury, causation and redressability for Article III. Moreover, as shown by cases such as *Kohler, Larsen,* and *Lanovaz v. Twinings North America, Inc.,* No. C-12-02646-RMW, 2014 WL 46822, at *10 (N.D. Cal. Jan. 6, 2014) (agreeing with *Henderson* and *Larsen*), the cases Defendant cites do not even represent the majority view in that District, let alone in the Ninth Circuit (as shown by cases such as *Henderson, supra,* from the Central District). And the views of Courts in *this* circuit are contrary, as shown by cases such as *Belfiore, Delgado* and *Ackerman.*

3

advertising more truthful. Plaintiffs still could not rely on representation – which is the harm California's consumer protection statutes were designed to redress).

Here, CUTPA and the other materially identical statutes permit an injunction solely upon a showing of ascertainable loss. Accordingly, state law provides a substantive redress for the very injury Plaintiff suffered, satisfying Article III's redressability prong. No more is required.[6]

### B. Ascertainability Is Not an Issue

Defendant's claim that the class is not "ascertainable" makes no sense because Plaintiff has defined the class with reference to completely objective criteria (Def. Br. at 15). Defendant's argument that it will not be possible to craft an administratively feasible mechanism for identifying those who fit the objective criteria or weed out fraudulent claims fails because Plaintiff moves for a Rule 23(b)(2) class. Def. Br. at 15-16. As a leading treatise explains:

> A common justification for the implied requirement of definiteness is concern for litigants' due process rights: in the absence of a definite class, putative class members may not receive notice or relief and defendants may not have the benefit of preclusion. However, in Rule 23(b)(2) class actions, notice is not obligatory, and it is often the case that any relief obtained on behalf of the class is injunctive and therefore does not require distribution to the class. Because "defendants are legally obligated to comply [with any relief the court orders] … it is usually unnecessary to define with precision the persons entitled to enforce compliance." Therefore, it is not clear that the implied requirement of definiteness should apply to Rule 23(b)(2) class actions at all.

William B. Rubinstein, NEWBERG ON CLASS ACTIONS § 3:7 (5th ed. 2011); *accord, Shelton v. Bledsoe,* 775 F.3d 554, 563, 90 Fed. R. Serv. 3d 677 (3d Cir. 2015) ("ascertainability is not a

---

[6] Defendant's citation to *City of Los Angeles v. Lyons,* 461 U.S. 95, 111 (1983), *O'Shea v. Littleton,* 414 U.S. 48 (1974), *Shain v. Ellison,* 356 F.3d 211 (2d Cir. 2004) and *Deshown E. v. Safir,* 156 F.3d 340 (2d Cir. 1998) (Def. Br. at 12) ignores the fact that these cases involved federal standing rules in federal civil rights cases. Since these are not diversity cases, they are not relevant. *Vaccariello v. XM Satellite Radio, Inc.,* 295 F.R.D. 62, 68(S.D.N.Y. 2013), also cited by Defendant (Def. Br. at 13) relies on these inapplicable federal law cases. Moreover, *Vaccariello* did not even involve false advertising, but rather concerned the improper automatic renewal of a subscription radio service.

requirement for certification of a (b)(2) class seeking only injunctive and declaratory relief."), *Davis v. City of New York,* 296 F.R.D. 158, 164 (S.D.N.Y. 2013) (quoting Newberg); *Ligon v. City of New York,* 288 F.R.D. 72, 80 (S.D.N.Y. 2013) (same); *Floyd v. City of New York,* 283 F.R.D. 153, 171 (S.D.N.Y. 2012) ("Both the Second Circuit and numerous district courts in the circuit have approved of class definitions without precise ascertainability under Rule 23(b)(2).Other circuits agree with this approach.") (citing cases). Only one of the cases cited by Defendant even involved a 23(b)(2) class, and that case found that the ascertainability requirement does not apply in that context. *Byrd v. Aaron's Inc.,* 784 F.3d 154, 163 n.7 (3d Cir. 2015).[7] Although the class in this case is every bit as "ascertainable" as the classes in cases such as *Ebin v. Kangadis Food, Inc.,* 297 F.R.D. 561 (S.D.N.Y. 2014),[8] in this 23(b)(2) case, the question is academic and all of the cases on which defendant relies are irrelevant.

---

[7] While *Karhu v. Vital Pharm., Inc.,* No. 14-11648, 2015 WL 3560722 (11th Cir. June 9, 2015), also cited by Defendant, involved both a 23(b)(3) *and* a 23(b)(2) class, the District Court denied certification of the (b)(2) class for reasons unrelated to ascertainability, and the Eleventh Circuit did not discuss it further. *Karhu v. Vital Pharm., Inc.,* No. 13-60768-CIV, 2014 WL 815253, at *11 (S.D. Fla. Mar. 3, 2014). It is not clear that plaintiff even raised the denial of the (b)(2) class on appeal. The remainder of Defendant's cases all involved 23(b)(3) certifications.

[8] As the Seventh Circuit has discussed, the movement to raise the "ascertainability" bar to preclude consumer actions brought on behalf of customers who purchased low-cost items simply because they are unlikely to keep proofs of purchase is unwarranted: "These are cases where the class device is often essential 'to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights.'" *Mullins v. Direct Digital, LLC,* 795 F.3d 654, 658 (7th Cir. 2015) (quoting *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 617 (1997)). The Second Circuit would likely follow this rule. In *Brecher v. Republic of Argentina,* 2015 WL 5438797, at *2 (2d Cir. Sept. 16, 2015), the class was not ascertainable because it could not be determined who owned a beneficial interest in bonds bought and sold in the secondary market. The court was concerned that because of secondary market trading, it could not determine who owned the beneficial interest giving rise to the claim – indeed, the members of the putative class themselves would not know, and would have no way of knowing, whether they had held the beneficial interest. Here, obviously, there is no secondary market in the Products and only initial purchasers are claimants.

## C. Plaintiff's Claim Is Typical

Typicality "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Cent. States SE & SW Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.,* 504 F.3d 229, 245 (2d Cir. 2007) (internal quotations omitted). Potential defenses defeat typicality only where there is (1) "a ***sufficiently clear showing***", (2) "that a defense ***unique to the representative plaintiff's claims***", (3) "***will in fact defeat those claims***." *Floyd*, 283 F.R.D. at 176 (internal quotations omitted, emphasis added). Defendant's claim that Ms. Langan cannot establish causation or ascertainable loss does not come close to meeting this standard, since she specifically testified that she bought the Products ***because*** she believed the "natural" claim on the label, and paid more for it as a result.[9]

## D. Defendant's Attacks on Ms. Langan's Adequacy are Baseless

A plaintiff satisfies the "adequacy" prong unless the plaintiff has a ***fundamental conflict*** with the interests of the rest of the class. *In re Flag Telecom Holdings, Ltd. Sec. Litig.,* 574 F.3d 29, 35 (2d Cir. 2009).[10] There is no conflict "when proposed class representatives are merely friends or acquaintances of the class members' attorney." *Poulos v. Caesars World, Inc.,* No. CV-S-94-1126-RLH-RJJ, 2002 WL 1991180, at *6 (D. Nev. June 25, 2002), *aff'd in part, appeal dismissed in part,* 379 F.3d 654 (9th Cir. 2004) (internal citations omitted).[11] Accordingly,

---

[9] Langan Dep. at 44:3-23; 66:3-23; 97:11-23; Defendant's "adequacy" argument mostly incorporates factual claims from its summary judgment briefing (Def. Br. at 16, 32-34). Plaintiff will address these arguments further in its opposition to Defendant's summary judgment motion.

[10] *See also Zyburo v. NCSPlus, Inc.,* 44 F. Supp. 3d 500, 503 (S.D.N.Y. 2014). Plaintiffs who satisfy the typicality requirement are generally considered adequate class representatives. *Hallmark v. Cohen & Slamowitz, LLP,* 293 F.R.D. 410, 418 (W.D.N.Y. 2013); *Pub. Employees' Ret. Sys. of Mississippi v. Merrill Lynch & Co., Inc.,* 277 F.R.D. 97, 109 (S.D.N.Y. 2011).

[11] *See also In re Toys R Us-Delaware, Inc. Fair & Accurate Credit Transactions Act (FACTA) Litig.,* 300 F.R.D. 347, 373-74 (C.D. Cal. 2013); *Elias v. Ungar's Food Products, Inc.,* 252 F.R.D.

Defendant's "insinuations" are "entirely unpersuasive." *Pub. Employees' Ret. Sys. of Mississippi v. Merrill Lynch & Co.,* 277 F.R.D. 97, 110 (S.D.N.Y. 2011). Defendant's cases either involved situations where the plaintiff (or plaintiff's immediate family) could receive some financial benefit from class counsel's role in the case,[12] or where plaintiff's claims were not typical.[13] In contrast, Ms. Veno only worked for Plaintiff while she was in school and would occasionally socialize after work. Deposition of Nicole A. Veno, attached as Exhibit A to the Kindall Decl. ("Veno Dep.") at 12-17, 35-36. And the record demonstrates Ms. Langan's independence.[14]

Defendant wrongly complains that Attorney Veno approached Plaintiff about the Products. Def. Br. at 12. "Defendants opine that I should not allow the class action mechanism to be used to create litigation that would not otherwise exist. Either defendants are naïve for making this argument, or, more likely, they hope that I am naïve enough to accept it." *In re Vitamin C Antitrust*

---

233, 244-45 (D.N.J. 2008); *In re Currency Conversion Fee Antitrust Litig.,* 230 F.R.D. 303, 309 (S.D.N.Y. 2004) (rejecting "diaphanous" argument that plaintiff was inadequate because he was a "close personal friend of his attorney and they socialize together").

[12] *In re IMAX Securities Litig.,* 272 F.R.D. 138, 156 (S.D.N.Y. 2010) (plaintiff managed "a significant portion" of counsel's money and received substantial fees from him each year); *Langendorf v. Skinnygirl Cocktails, LLC,* 306 F.R.D. 574, 581 (N.D. Ill. 2014) (plaintiff's father, who referred him to class counsel, had close business relationship and had served as co-counsel with class counsel in at least five cases).

[13] *Spagnola v. Chubb Corp.,* 264 F.R.D. 76, 96-97 (S.D.N.Y. 2010) (plaintiff's 40-year long close friendship with counsel was only *one* of "numerous problems;" the most significant problem was that he was not a member of the class he sought to represent); *Moheb v. Nutramax Labs. Inc.,* No. CV 12-3633-JFW JCX, 2012 WL 6951904, at *5 (C.D. Cal. Sept. 4, 2012) (in addition to close friendship with counsel, plaintiff's claims were not typical of those of the class).

[14] Veno Dep. at 21:4-22:14; Deposition of Heidi Langan, attached as Exhibit B to the Kindall Decl., ("Langan Dep.") at 29:23-33:21. Ms. Langan also testified that she was not promised anything for serving as a plaintiff (Langan Dep. at 155:5-8), nor is there any indication that she or any member of her family stands to gain from the suit.

7

*Litig.,* 279 F.R.D. 90, 107 (E.D.N.Y. 2012). More to the point, Ms. Veno's contact with Ms. Langan, was entirely proper and Defendant has no right to complain about it.[15]

Defendant wrongly claims that Plaintiff "lacks even the most basic knowledge of the litigation." Def. Br. at 13. "The Supreme Court . . . has expressly disapproved of attacks on the adequacy of a class representative based on the representative's" – supposed – "ignorance." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 222 F.3d 52, 61 (2d Cir. 2000). General knowledge is sufficient,[16] and Plaintiff more than qualifies. She bought the sunscreen because of the misrepresentations and thought it was all-natural. Langan Dep. at 44:7-23; 58:24-59:6. She said consumers bought the sunscreen "under the pretense that it was natural, and we paid more for it." *Id.* at 97:11-17. She wants Defendant to stop using its misleading labels. *Id.* at 105:7-11. She understands her role is to "represent [] all the people that purchased the product." *Id.* at 38:12-13. She testified that the case alleges "[t]hat the product claims that it's 100 percent natural, but, in fact, it isn't." *Id.* at 44:3-6. She reviewed the complaint before it was filed (*id.* at 24:15-20; 55:17-19), and knew the case was withdrawn and refiled. *Id.* at 40:16-21. She receives and reviews

---

[15] Defendant's suggestion that Ms. Veno violated Connecticut Rules of Professional Conduct Rule 7.3(a) is both offensive and irrelevant. Def. Br. at 12, n.5. The rule does not apply to text messages, which is how Ms. Veno first contacted Plaintiff. That Ms. Veno and Ms. Langan exchanged occasional texts is scarcely a reason to question Ms. Langan's independence.

[16] *Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.,* 301 F.R.D. 116, 134 (S.D.N.Y. 2014); *see also Diaz v. Residential Credit Solutions, Inc.,* 299 F.R.D. 16, 20 (E.D.N.Y. 2014); *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.,* 293 F.R.D. 287, 302 (E.D.N.Y. 2013); *Ackerman v. Coca-Cola Co.,* No. 09 CV 395 DLI RML, 2013 WL 7044866, at *12 (E.D.N.Y. July 18, 2013). Defendant cites one out-of-circuit district court decision, but even if *Bodner v. Oreck Direct, LLC,* 2007 WL 1223777, at *2 (N.D. Cal. Apr. 25, 2007) were consistent with Second Circuit precedent, the case is distinguishable since the plaintiff did not meet with his attorney prior to the day before his deposition and did not read the complaint before it was filed.

periodic updates from and talks with counsel. *Id.* at 155:157:11. She responded to Defendant's discovery and sat for a deposition. No more is required.[17]

### E. Plaintiff Can Establish Commonality

Defendant wrongly claims that Plaintiff cannot establish by common evidence that the challenged claim deceived consumers (Def. Br. at 19-23) or was "material" (*Id.* at 24-25). These issues are common as a matter of law because the standard for proving both materiality and deception is objective, looking to the hypothetical "reasonable consumer." *See, e.g., Caldor, Inc. v. Heslin,* 215 Conn. 590, 597, 577 A.2d 1009, 1013 (1990); *see also Citibank (S. Dakota) N.A. v. Mazzarella,* No. TTDCV106002096S, 2010 WL 5610861, at *5 (Conn. Super. Ct. Dec. 14, 2010). Since the issue is whether the label claim was ***objectively*** material and false, proof for all class members is exactly the same. Similarly, Defendant argues that Plaintiff has not attempted to argue that the elements of ascertainable loss or causation, which are required in some jurisdictions, are capable of common proof. (Def. Br. at 19, n.11). But Plaintiff's Motion for Class Certification [ECF No. 69] specifically sets forth that both Plaintiff and the class paid a premium for the Products in comparison to products that do not purport to be natural. Plaintiff's Motion for Class Certification at 11. Consequently, the claims of the whole class rise or fall together.[18] *Amgen Inc.*

---

[17] Defendant's evidence of Plaintiff's "overwhelming ignorance" is two tangential deposition responses, as set forth at page 7 of its brief. Defendant's complaint that Plaintiff couldn't testify as to a ***responsibility*** to "keep informed about the progress of the case" ignores that she ***has in fact*** kept informed about the progress of the case. Defendant's complaint that Plaintiff could not remember whether the Complaint was amended, or where it was originally filed, is even more trivial. Plaintiff is "entitled to rely on the expertise of counsel in conducting the litigation.*" In re Symbol Technologies, Inc. Sec. Litig.,* No. 05-CV-3923 DRH AKT, 2015 WL 3915477, at *8 (E.D.N.Y. June 25, 2015); *see also Allen v. Dairy Farmers of Am., Inc.,* No. 5:09-CV-230, 2012 WL 5844871, at *8 (D. Vt. Nov. 19, 2012). To quote Plaintiff's response, "I didn't know where [the case] had been filed. That's why I have [counsel]." Langan Dep. at 24:10-25:14.

[18] Defendants' alleged "commonality" arguments are merits based arguments that are repeated from Defendant's other briefing. Defendant's erroneous arguments concerning Dr. Howlett's expert analysis (Def. Br. at 19-21) will be rebutted in Plaintiff's Opposition to Defendant's

*v. Connecticut Ret. Plans & Trust Funds,* 133 S. Ct. 1184, 1195-96 (2013) (finding not only commonality, but predominance, in the context of a securities fraud case where (as here) plaintiff is required to prove both that the challenged claims were objectively false or misleading and that they were objectively material).[19]

### F. There Is No Impediment to a Multistate Class

Defendant argues that Plaintiff cannot sue on behalf of out-of-state consumers under CUTPA (Def. Br. at 26), but she has not attempted to do so. Rather, she brings suit on her own behalf under CUTPA, and seeks to certify a class of persons who have suffered the same injury in states whose laws are materially the same. Defendant makes no serious effort to rebut this fact, making a desultory argument against the similarity of the laws at issue in a footnote and attaching an appendix that purports to show how the laws are materially different. But, as shown in Plaintiff's Appendix in Response to Appendix A to Defendant's Opposition to Plaintiff's Motion for Class Certification (attached as Exhibit C to the Kindall Decl.), Defendant is simply wrong. The laws *are* materially similar, and there is no impediment to maintaining a multistate class.

### CONCLUSION

For the reasons set forth above and in Plaintiff's initial brief, Plaintiff respectfully submits that the Motion should be granted and the Court should certify a Class pursuant to Rule 23(b)(2).

---

*Daubert* Motion. Defendant's remaining arguments concerning whether Plaintiff has established a material false statement, (Def. Br. at 22-25) are rebutted in Plaintiff's Opposition to Defendant's Motion for Summary Judgment.

[19] *See also In re U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d 108, 119 (2d Cir. 2013) ("because the question whether the invoices materially misrepresented the amounts due USF is common to all plaintiffs, the class will 'prevail or fail in unison' on this point – rendering certification appropriate.") (quoting *Amgen*). Moreover, "[b]ecause materiality is judged according to an objective standard, the materiality of [the] alleged misrepresentations and omissions is a question common to all members of the class." *Amgen,* 133 S. Ct. at 1191. The only cases Defendant cites are irrelevant because they concern only whether all putative class members were exposed to the challenged representation, not whether they were misleading or material.

Dated: November 11, 2015           Respectfully Submitted,

                                          **IZARD NOBEL LLP**
                                          MARK P. KINDALL
                                          ROBERT A. IZARD
                                          NICOLE A. VENO

By*:*     /s/ Mark P. Kindall
                                          Mark P. Kindall (Bar No. ct13797)
                                          29 South Main Street, Suite 305
                                          West Hartford, CT 06107
                                          Telephone: (860) 493-6292
                                          Facsimile: (860) 493-6190
                                          mkindall@izardnobel.com
                                          rizard@izardnobel.com
                                          nveno@izardnobel.com

                                          Joseph J. DePalma
                                          Katrina Carroll
                                          **LITE DEPALMA GREENBERG, LLC**
                                          Two Gateway Center, 12th Floor
                                          Newark, New Jersey 07102
                                          Telephone: (973) 623-3000
                                          Facsimile: (973) 623-0858
                                          jdepalma@litedepalma.com
                                          kcarroll@litedepalma.com

                                          Michael A. Laux
                                          **LAW OFFICE OF MICHAEL A. LAUX**
                                          8 Myrtle Avenue
                                          Westport, CT 06880
                                          Telephone: (203) 226-3392
                                          Facsimile: (203) 222-8023
                                          mlaux@lauxlaw.com

                                          *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of November, 2015, a true and correct copy of this Reply Memorandum of Law in Further Support of Plaintiff's Motion for Class Certification has been served upon all counsel of record by filing through the CM/ECF system.

/s/ Nicole A. Veno
Nicole A. Veno
